IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Robert Moss, individually and as general guardian of his minor child; | ) ) ) ) | |
| Ellen Tillett, individually and as general guardian of her minor child; and | ) ) ) ) | |
| Freedom From Religion Foundation, Inc., a Wisconsin non-profit corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 7:09-cv-1586-HMH |
| Spartanburg County School District No. 7, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS EQUAL PROTECTION CLAIM**

Eric C. Rassbach (admitted *pro hac vice*)
Lori H. Windham (admitted *pro hac vice*)
The Becket Fund for Religious Liberty
1350 Connecticut Ave., NW, Suite 605
Washington, DC 20036
erassbach@becketfund.org
lwindham@becketfund.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

Kenneth E. Darr, Jr. (Fed. I.D. #989)
Lyles, Darr, & Clark, LLP
104 N. Daniel Morgan Ave.
Suite 300
Spartanburg, South Carolina 29306
kdarr@ldclaw.com
Telephone: (864) 585-4806
Facsimile: (864) 585-4810

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... iv

INTRODUCTION ...........................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND.....................................................................1

STANDARD OF REVIEW .............................................................................................................1

ARGUMENT...................................................................................................................................2

I.       Plaintiffs fail to state an Equal Protection claim................................................................2

       A.       Plaintiffs' speculative allegations are inadequate under *Iqbal*. ...............................2

       B.       Plaintiffs fail to allege facts supporting required elements of an Equal Protection claim ......................................................................................................5

              1.       Plaintiffs fail to allege that they are similarly situated to the alleged beneficiaries of the School District's released time policy..........................5

              2.       Plaintiffs fail to allege state action................................................................6

       C.       Plaintiffs' Equal Protection claim merits only rational basis review........................6

              1.       People who disagree with the government's provision of released time programs are not a suspect class ................................................................7

              2.       Accomodation of others' religious beliefs does not violate Plaintiffs' fundamental rights ......................................................................................8

       D.       The School District's released time policy is rationally related to its legitimate interest in accommodating parents' and students' desires to participate in a released time program.............................................................................................8

CONCLUSION.............................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                               Page(s)

*Ashcroft* v. *Iqbal*,
  129 S.Ct. 1937 (2009) ................................................................................................ 2, 3, 4, 5

*Bell Atlantic Corp.* v. *Twombly*,
  550 U.S. 544 (2007) ........................................................................................................ 2, 3, 4

*Bd. of Curators of Univ. of Missouri* v. *Horowitz*,
  435 U.S. 78 (1978) .................................................................................................................. 5

*Brown* v. *Gilmore*,
  258 F.3d 265 (4th Cir. 2001) .................................................................................................. 9

*City of Cleburne* v. *Cleburne Living Ctr., Inc.*,
  473 U.S. 432 (1985) ................................................................................................................ 9

*City of New Orleans* v. *Dukes*,
  427 U.S. 297 (1976) ................................................................................................................ 7

*Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints* v. *Amos*,
  483 U.S. 327 (1987) ...................................................................................................... 7, 8, 10

*Giarratano* v. *Johnson*,
  521 F.3d 298 (4th Cir. 2008) ......................................................................................... 7, 8, 9

*In re Premier Automotive Services, Inc.*,
  492 F.3d 274 (4th Cir. 2007) ................................................................................................. 9

*Mentavlos* v. *Anderson*,
  249 F.3d 301 (4th Cir. 2001) ................................................................................................. 6

*Morrison* v. *Garraghty*,
  239 F.3d 648 (4th Cir. 2001) .............................................................................................. 2, 5

*Moss* v. *Clark,*
  886 F.2d 686 (4th Cir. 1989) ................................................................................................. 9

*Regents of University of Michigan* v. *Ewing*,
  474 U.S. 214 (1985) ................................................................................................................ 5

*Rendell-Baker* v. *Kohn*,
  457 U.S. 830 (1982) ................................................................................................................ 6

*Smith* v. *Smith*,
   523 F.2d 121 (4th Cir. 1975) .................................................................................................. 9

*Star Scientific Inc.* v. *Beales*,
    278 F.3d 339 (4th Cir. 2002) ................................................................................................. 8

*T.A. ex rel. Amador* v. *McSwain Union Elementary School Dist.*,
   No. CV-F-08-1986, 2009 WL 1748793 (E.D. Cal. June 18, 2009) ............................................ 5

*Veney* v. *Wyche*,
   293 F.3d 726 (4th Cir. 2002) ............................................................................................ 2, 9

*Wheeler* v. *Miller*,
   168 F.3d 241 (5th Cir. 1999) ................................................................................................. 5

*Willis* v. *Town of Marshall*,
   426 F.3d 251 (4th Cir. 2005) ................................................................................................. 8

*Zorach* v. *Clauson,*
   343 U.S. 306 (1952) .............................................................................................................. 9

**Statutes**                                                                                                                                **Page(s)**

S.C. CODE ANN. § 59-39-112 ......................................................................................................... 4

**Other Authorities**                                                                                                                       **Page(s)**

Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE:
   FED. R. CIV. P. 8(a)(2) ........................................................................................................... 1

**Rules**                                                                                                                                   **Page(s)**

FED. R. CIV. P. 8(a)(2) .................................................................................................................... 2

FED. R. CIV. P. 12(b)(6) .................................................................................................................. 1

FED. R. CIV. P. 12(g)(2) .................................................................................................................. 1

# INTRODUCTION

In their Second Amended Complaint, Plaintiffs have added an Equal Protection claim to buttress their failed Establishment Clause claim. But to no avail.

First, Plaintiffs' Equal Protection allegations are even more infirm under *Iqbal* and *Twombly* than Plaintiffs' Establishment Clause allegations. They consist of conclusory statements about what *might* happen, rather than factual allegations about what *has* happened.

Second, even if Plaintiffs' speculations could be credited, their allegations would still fail to state a claim because Plaintiffs have not identified any similarly situated person or state action.

Third, because Plaintiffs fail to identify a suspect class or harm to a fundamental right, rational basis review applies.

Fourth, the School District has a rational, non-arbitrary basis for its actions.

The new Equal Protection claim should therefore be dismissed along with the rest of the Second Amended Complaint.

# FACTUAL AND PROCEDURAL BACKGROUND

The School District refers the Court to the factual background set forth in its briefing on the motion to dismiss Plaintiffs' Establishment Clause claim, and hereby incorporates the facts arguments in that motion here. *See* Dkt. 19 (Mem.) and Dkt. 32 (Reply).[1]

# STANDARD OF REVIEW

This Court must dismiss the Plaintiffs' Equal Protection claim if it finds that Plaintiffs' allegations in support of this claim lack "sufficient factual matter, accepted as true, to 'state a

---

[1] As Plaintiffs state, the School District has "not yet . . . had the opportunity to decide whether to move to dismiss [the equal protection] claim.". Dkt.30 (Pls.' Resp.) at 2 n.1. For that reason, the School District files this separate motion to dismiss the Equal Protection claim. *See* FED. R. CIV. P. 12(g)(2); WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE CIVIL 3d § 1388.

claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). This requirement is rooted in Federal Rule of Civil Procedure 8(a)(2), which states that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule requires more than mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949–50. Such claims "fail[] to state a claim upon which relief can be granted" and should therefore be dismissed. FED. R. CIV. P. 12(b)(6).

## ARGUMENT

### I.     Plaintiffs fail to state an Equal Protection claim.

To adequately plead an Equal Protection claim, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison* v. *Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). If he makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id*. To state an equal protection claim, a plaintiff "must plead sufficient facts to satisfy each requirement." *Veney* v. *Wyche*, 293 F.3d 726, 731 (4th Cir. 2002).[2]

#### A.     Plaintiffs' speculative allegations are inadequate under *Iqbal*.

The sum total of Plaintiffs' allegations in support of their new Equal Protection claim are:

<u>Second Claim: Violation of Equal Protection Clause</u>

42.     All preceding allegations are incorporated by reference.

43.     Defendant has arbitrarily discriminated between persons similarly situated

---

[2]     The School District notes that FFRF lacks organizational and associational standing to raise the Equal Protection claim for the same reasons set forth in the briefing on the motion to dismiss the Establishment Clause claim. *See* Dkt. 19 (Mem.) 20-22; Dkt. 32 (Reply) 5-6.

> by allowing SCBEST to discriminate among students for religious reasons by adjusting their academic grade based on SCBEST's perception of the student's religious status or progress or lack thereof, and by not allowing unaccredited schools other than SCBEST to have their grades transferred as coming from an accredited private school.

These allegations cannot possibly "nudge[] [Plaintiffs'] claims . . . across the line from conceivable to plausible." *Iqbal* at 1951 (quoting *Twombly* at 570). The Court in *Iqbal* sets forth a "two-pronged approach" for determining the adequacy of a complaint. *Id.* at 1950. First, a court "identif[ies] the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. "[B]are assertions," which "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," are "conclusory and are not entitled to be assumed true." *Id.* at 1951 (quoting *Twombly* at 555). Second, a court "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

Plaintiffs' entire Equal Protection claim fails under the *Iqbal* test. As an initial matter, the allegations in paragraph 43 of the Second Amended Complaint are not themselves entitled to the assumption of truth. These "bare assertions . . . amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim." *Iqbal* at 1951 (quoting *Twombly* at 555). Thus Plaintiffs' bald assertion that the School District "arbitrarily discriminated between persons similarly situated" is "conclusory and not entitled to be assumed true." *Id.* at 1951.

The very little that remains of Plaintiffs' Equal Protection allegations after excising that speculation is likewise inadequate. The first part of the Plaintiffs' Equal Protection claim alleges that the School District discriminated "by allowing SCBEST to discriminate among students for religious reasons by adjusting their academic grade based on SCBEST's perception

3

of the student's religious status or progress or lack thereof." Dkt. 25 ("2d Am. Cmpt.") ¶ 43. Only one other paragraph of the Second Amended Complaint relates to this allegation, where Plaintiffs state: "the granting of academic grades by defendant for released time classes at the command of SCBEST *may* affect his or her grade point average based on SCBEST's perception of the student's religious status or progress or lack thereof." 2d Am. Cmpt. ¶ 11 (emphasis added). This statement does not even rise to the level of an assertion. Under *Iqbal*, a complaint is insufficient "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. Plaintiffs never claim that SCBEST **has** awarded grades on this matter, only that it ***might***. Plaintiffs' response to the earlier motion to dismiss takes these wild speculations even further, suggesting that SCBEST might believe that "minorities . . . can never fully understand true Christianity."[3] Dkt. 30 (Plaintiffs' Resp.) at 27. But *Iqbal* requires more than rank speculation.

The second part of the Plaintiffs' Equal Protection claim fares even worse. The claim that the School District has "not allow[ed] unaccredited schools other than SCBEST to have their grades transferred as coming from an accredited private school" (2d Am. Cmpt. ¶ 42) has no predicate in any of the Plaintiffs' three complaints. The suggestion that the School District has discriminated against unnamed unaccredited schools is a "'naked assertion[]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly* at 557). Plaintiffs' Equal Protection allegations are insufficient under Federal Rule of Civil Procedure 8(a)(2) and should be dismissed.

---

[3] These insulting allegations are even less credible because both South Carolina law and the School District's released time policy expressly *forbid* SCBEST from discriminatory conduct, as any award of credit must be made "on the basis of purely secular criteria." 2d Am. Cmpt. ¶ 18 (quoting S.C. CODE ANN. § 59-39-112); *id.* at ¶ 23 (quoting School District's

4

### B.    Plaintiffs fail to allege facts supporting required elements of an Equal Protection claim.

Even if Plaintiffs' speculations pass muster under Rule 8, their Equal Protection claim fails to state a claim under Rule 12, because they do not allege (a) that they have been treated worse than others who are similarly situated, or (b) state action.

#### 1.    Plaintiffs fail to allege that they are similarly situated to the alleged beneficiaries of the School District's released time policy.

The most basic aspect of an Equal Protection claim is the allegation that the plaintiff has been treated differently from others with whom he is similarly situated. *See Morrison*, 239 F.3d at 654. But Plaintiffs fail to plead *any* facts showing that *any* Plaintiff is similarly situated to either SCBEST or the students who have received credit for SCBEST's released time course. The absence of this allegation is fatal to their Equal Protection claim.

Even had Plaintiffs presented the Court with some potentially similarly situated students, this is a difficult showing to make in an educational setting. *See T.A. ex rel. Amador* v. *McSwain Union Elem. Sch. Dist*., 2009 WL 1748793, at *10 (E.D. Cal. Jun. 18, 2009) (court, applying *Iqbal*, dismissed student's Equal Protection claim: "The allegations are conclusory and limited to the elements only. Plaintiff fails to allege specific facts from which it may be inferred that she was treated from others similarly situated…."). *See also Bd. of Curators of Univ. of Missouri* v. *Horowitz*, 435 U.S. 78, 89–90 (1978) (academic evaluations not limited to consideration of raw grades or other objective criteria).[4]

---

released time policy). *See also* Dkt. 32 (Reply) at 11.

[4]    *See also Regents of Univ. of Mich.* v. *Ewing*, 474 U.S. 214, 228 n.14 (1985) ("[w]e are not in a position to say that" other students were "similarly situated" with the plaintiff, in light of "[t]he insusceptibility of promotion decisions such as this one to rigorous judicial review."); *Wheeler* v. *Miller*, 168 F.3d 241, 252 (5th Cir. 1999) (dismissing graduate student's equal protection claim because plaintiff could point to no individual with a similarly poor academic

The second part of the Equal Protection claim is equally infirm. Nowhere do Plaintiffs allege that Moss, Tillett, or FFRF have sought to teach a course for credit in the School District. More broadly, Plaintiffs' fail to allege that any unaccredited school besides SCBEST has ever applied to teach a course for credit in the School District, let alone denied the opportunity to partner with an accredited private school.

### 2. Plaintiffs fail to allege state action.

Plaintiffs' allegations also lack the necessary element of state action. Private schools do not become state actors when they contract with the state or transfer their grades to public schools. *See, e.g., Rendell-Baker* v. *Kohn,* 457 U.S. 830 (1982) (private school receiving 90% of revenue from state contracts not a state actor); *see also Mentavlos* v. *Anderson*, 249 F.3d 301 (4th Cir. 2001) (emphasizing narrow scope of state action, even at state-supported school). SCBEST is not suddenly transformed into a state actor at the moment its grades are transferred to public schools. Accepting the Plaintiffs' argument on this point would call into question the constitutionality of not only the South Carolina Released Time Credit Act, but *all* accredited religious private schools. Dkt. 32 (Reply) at 11 n.7. Even if the Court credits the Plaintiffs' speculations about how SCBEST assigns grades, their Equal Protection claim fails because it does not include the necessary element of state action.

### C. Plaintiffs' Equal Protection claim merits only rational basis review.

The School District's challenged actions are not subject to heightened scrutiny because Plaintiffs have not identified any suspect classification or infringement of their fundamental rights. "[T]he challenged classification need only be rationally related to a legitimate state interest *unless* it violates a fundamental right or is drawn upon a suspect classification such as

---

performance who was awarded a doctorate).

6

race, religion, or gender." *Giarratano* v. *Johnson*, 521 F.3d 298, 303 (4th Cir. 2008) (emphasis added) (citing *City of New Orleans* v. *Dukes*, 427 U.S. 297, 303 (1976)).  Because Plaintiffs fail to allege the existence of any suspect class or violation of their other constitutional rights, the Policy faces only rational basis scrutiny.

### 1. People who disagree with the government's provision of released time programs are not a suspect class.

Plaintiffs have not alleged that the Policy was based upon a suspect classification. Plaintiffs instead allege that the School District violated the Equal Protection Clause "by not allowing unaccredited schools other than SCBEST to have their grades transferred as coming from an accredited private school."  2d Am. Cmpt. ¶ 43.  This allegation fails to identify a suspect classification.  Accreditation status is not a suspect classification under the Equal Protection clause.  *See Giarratano,* 521 F.3d at 303 (identifying suspect classes).  And Plaintiffs do not allege that unaccredited religious programs, as a class, are treated differently than unaccredited non-religious programs, merely that SCBEST is treated differently.  *See* 2d Am. Cmpt. ¶ 13.  This distinction, standing alone, is insufficient to create a suspect classification.  *Cf. supra* Part I.B.  (Plaintiffs did not identify a similarly situated program of any sort).

Even if Plaintiffs could identify some distinction based upon religion here, it would be irrelevant.  The Supreme Court is clear that laws "'affording a uniform benefit to *all* religions' should be analyzed under *Lemon*."  *Corp. of the Presiding Bishop* v. *Amos,* 483 U.S. 327, 339 (1987).  Plaintiffs whose Establishment Clause claims fail do not get a second bite at the apple under the guise of Equal Protection:  "In cases such as these, where a statute is neutral on its face and motivated by a permissible purpose of limiting governmental interference with the exercise of religion, we see no justification for applying strict scrutiny to a statute that passes the *Lemon* test."  *Id.*  As explained below (and in the School District's first motion to dismiss), the School

7

District's actions were motivated by the permissible public purpose of accommodating the religious exercise of students and parents. *See* Dkt. 19 (Mem.) at 24–25; Dkt. 32 (Reply) at 7–8; *infra* Part III. The released time policy treats all religions equally and places no restrictions on which groups may participate in the program. *See* 2d Am. Cmpt. ¶ 23 (released time policy allows religious instruction). Plaintiffs may not resurrect their failed Establishment Clause claim as an Equal Protection claim.

### 2. Accommodation of others' religious beliefs does not violate Plaintiffs' fundamental rights.

The released time policy also does not violate any of the Plaintiffs' fundamental rights. This type of Equal Protection violation occurs when a government "burdens the exercise of a fundamental constitutional right," such as freedom of speech or the Establishment Clause. *Willis* v. *Town of Marshall*, 426 F.3d 251, 262 (4th Cir. 2005) (quoting *Star Scientific Inc.* v. *Beales*, 278 F.3d 339, 351 (4th Cir. 2002)). Where no violation of the underlying constitutional provision occurs, the government action must pass only rational basis scrutiny. *See id.* (applying rational basis test because underlying First Amendment claim failed); *Amos,* 483 U.S. at 339 (same). As the School District explained at length in its Motion to Dismiss and Reply, Plaintiffs failed to state a claim under the Establishment Clause. *See* Dkt. 19 (Mem.) at 22–34; Dkt. 32 (Reply) at 6–15. Since the Complaint does not allege violation of any other fundamental right, rational basis review applies.

### D. The School District's released time policy is rationally related to its legitimate interest in accommodating parents' and students' desires to participate in a released time program.

The released time policy easily passes rational basis review. "[C]ourts generally hold that 'legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.'" *Giarratano*, 521 F.3d at 302–03

8

(quoting *City of Cleburne* v. *Cleburne Living Ctr., Inc*., 473 U.S. 432, 439 (1985)).  "[L]aws are presumed to be constitutional under the equal protection clause for the simple reason that classification is the very essence of the art of legislation."  *Id.* at 303 (quoting *Moss* v. *Clark*, 886 F.2d 686, 689 (4th Cir. 1989) (citation omitted)).  Courts apply heightened scrutiny only if a plaintiff establishes that he or she is a member of a suspect class or alleges a burden on a fundamental right.  *See In re Premier Automotive Servs., Inc*., 492 F.3d 274, 283 (4th Cir. 2007).

The School District's actions in passing and implementing its Policy easily satisfy rational basis review.  This Court should presume that the Policy is valid and sustain it if the School District's actions are rationally related to a legitimate state interest.  *See Giarratano*, 521 F.3d at 302–03; *Premier Automotive*, 492 F.3d at 283; *Veney*, 293 F.3d at 731.

The School District's actions are rationally related to a legitimate state interest.  The text of both the Policy and the underlying state law demonstrates a legitimate state interest of accommodating parents who request religious instruction.  *See* Dkt. 19 (Mem.) at 24-25; Dkt. 32 (Reply) at 7-8.  Plaintiffs merely allege purposes that have long been held constitutional: accommodating religion (*Brown* v. *Gilmore*, 258 F.3d 265, 276 (4th Cir. 2001)); accommodating the wishes of students' parents (*Smith* v. *Smith*, 523 F.2d 121, 124 (4th Cir. 1975)); and permitting religious instruction (*Zorach* v. *Clauson*, 343 U.S. 306, 313–14 (1952)).  The School District acted rationally in furtherance of this legitimate state interest when it adopted and implemented a released time policy that creates a "basic structure for released time for students for religious instruction," available only "at the written request of [the student's] parent/legal guardian," and ensures that "no public funds will be expended" on the released time program.  2d Am. Cmpt. ¶ 23 (quoting released time policy).

The award of credit for the program furthers the same interest, properly "lifting a regulation that burdens the exercise of religion" by eliminating the course-credit hurdle identified by the state legislature.  *Amos,* 483 U.S. at 338; *see* 2d Am. Cmpt. ¶ 18(5) (bill passed "because the absence of an ability to award such credits has essentially eliminated the school districts' ability to accommodate parents' and students' desires to participate in released time programs"). The accommodation of religious exercise is, and always has been, a legitimate public purpose.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Equal Protection claim should be dismissed with prejudice.

Respectfully Submitted,

/s/Kenneth E. Darr, Jr.
Kenneth E. Darr, Jr. (Fed. I.D. #989)
Lyles, Darr & Clark, LLP
104 N. Daniel Morgan Ave., Suite 300
Spartanburg, South Carolina 29306
kdarr@ldclaw.com
Telephone: (864) 585-4806
Facsimile: (864) 585-4810

Eric C. Rassbach (admitted *pro hac vice*)
Lori H. Windham (admitted *pro hac vice*)
The Becket Fund for Religious Liberty
1350 Connecticut Ave., NW, Suite 605
Washington, DC 20036
erassbach@becketfund.org
lwindham@becketfund.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

Attorneys for Defendant
Spartanburg County School District No. 7

October 30, 2009
Spartanburg, South Carolina

11