IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robert Moss, individually and as general guardian of his minor child; <br><br> Ellen Tillett, individually and as general guardian of her minor child; and <br><br> Freedom From Religion Foundation, Inc., a Wisconsin non-profit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> Spartanburg County School District No. 7, <br><br> Defendant. | Case No. 7:09-cv-1586-HMH |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS EQUAL PROTECTION CLAIM**

Eric C. Rassbach (admitted *pro hac vice*)
Lori H. Windham (admitted *pro hac vice*)
The Becket Fund for Religious Liberty
1350 Connecticut Ave., NW, Suite 605
Washington, DC 20036
erassbach@becketfund.org
lwindham@becketfund.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

Kenneth E. Darr, Jr. (Fed. I.D. #989)
Lyles, Darr, & Clark, LLP
104 N. Daniel Morgan Ave.
Suite 300
Spartanburg, South Carolina 29306
kdarr@ldclaw.com
Telephone: (864) 585-4806
Facsimile: (864) 585-4810

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION ...................................................................................................................1

ARGUMENT ............................................................................................................................1

I.   The Court should dismiss Plaintiffs' complaint because the
     South Carolina Released Time Credit Act is constitutional. ..................................1

     A.   Plaintiffs have finally admitted this case is ultimately
          a constitutional challenge to all laws granting credit
          for released time religious education. ...........................................................1

     B.   It is constitutional to give credit for released time
          religious education. .........................................................................................2

     C.   Plaintiffs' arguments would render all accredited
          religious schools unconstitutional .................................................................3

II.  The Court should dismiss Plaintiffs' Equal Protection claim. ..............................4

     A.   Plaintiffs fail to rebut the School District's showing
          that their Equal Protection allegations are inadequate
          under *Iqbal*. .....................................................................................................4

     B.   Plaintiffs fail to allege facts supporting required
          elements of an Equal Protection claim. ........................................................5

          1.   Plaintiffs fail to allege that they are similarly
               situated to the alleged beneficiaries of the
               School District's released time policy .............................................5

          2.   Plaintiffs fail to allege state action ..................................................6

     C.   Plaintiffs' Equal Protection claim merits only rational
          basis review. ......................................................................................................7

     D.   The School District's released time policy is rationally
          related to a legitimate interest in accommodating
          parents' and students' desires to participate in a
          released time program. ....................................................................................8

CONCLUSION .........................................................................................................................8


# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                              **Page(s)**

*Antonio* v. *Moore*, 174 Fed. Appx. 131 (4th Cir. 2006) ................................................................. 6

*Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007) ................................................................... 4

*Ashcroft* v. *Iqbal*, 129 S.Ct. 1939 (2009) ........................................................................................ 4

*Giarratano* v. *Johnson*, 521 F.3d 298 (4th Cir. 2008) ................................................................ 4, 7

*INS* v. *St. Cyr*, 533 U.S. 289 (2001) ................................................................................................ 6

*Lanner* v. *Wimmer*, 662 F.2d 1349 (10th Cir. 1981) .......................................................... 2, 3, 7, 8

*Larkin* v. *Grendel's Den*, 459 U.S. 116 (1982) .............................................................................. 4

*Purdy & Fitzpatrick* v. *State*, 79 Cal. Rptr. 77 (Cal. 1969) ............................................................ 6

*T.A.* ex re. *Amador* v. *McSwain Union Elem. Sch. Dist*,
   2009 WL 1748793 (E.D. Cal. Jun. 18, 2009) ............................................................................. 5

*Zorach v. Clauson*, 343 U.S. 306 (1952) ........................................................................................ 1

**Statutes**                                                                                                                             **Pages**

S.C. CODE ANN. § 59-39-112 ....................................................................................................... 2, 6

**Other Authorities**

A. Benjamin Spencer, *Plausibility Pleading*,
   49 B.C. L. REV. 431 (2008) ........................................................................................................ 4

Linda S. Mullenix, *Troubling* Twombly,
   NAT'L L.J., June 11, 2007 ............................................................................................................ 4

**Regulations**

S.C. CODE ANN. REGS. 43-259 (2009) .............................................................................................. 3

SOUTH CAROLINA DEPARTMENT OF EDUCATION, 2007 UNIFORM GRADING POLICY ...................... 3

## INTRODUCTION

In their opposition memorandum, Plaintiffs finally admit that this lawsuit is a facial attack on the South Carolina Released Time Credit Act. Because that statute is constitutional, the complaint should be dismissed. The Court should also dismiss Plaintiffs' Equal Protection claim because their allegations fail to state a claim under *Iqbal* and under Rule 12(b)(6).

## ARGUMENT

**I.    The Court should dismiss Plaintiffs' complaint because the South Carolina Released Time Credit Act is constitutional.**

   **A.    Plaintiffs have finally admitted this case is ultimately a constitutional challenge to all laws granting credit for released time religious education.**

Nearly three months ago, the School District argued that Plaintiffs' lawsuit, though carefully couched as an "as applied" challenge to the School District's implementation of its released time policy (the "Policy"), is in truth a constitutional challenge to the 2006 South Carolina statute that allows school districts to grant elective credit for released time courses. Dkt. 19 (Mem. EC) 1.[1] Now Plaintiffs have come clean and admitted that the goal of this lawsuit is to have this Court declare the state's Released Time Credit Act unconstitutional. As Plaintiffs concede in their latest submission:

> Released time religious instruction as such is constitutional, *Zorach v. Clauson*, 343 U.S. 306, 72 S.Ct. 679, 96 L.Ed. 954 (1952). ***Plaintiffs claim that additionally giving academic credit for it violates the Establishment Clause.***

Dkt. 34 (Opp. EP) 2 (emphasis added). Elsewhere, they claim "it *fosters* religion to give a grade for it." *Id.* at 19. This is a direct contradiction of Plaintiffs' earlier statement that their lawsuit was only an "as applied" challenge to the "***implementation*** of [the School District's] Released

---

[1]    "Mem. EC" and "Reply EC" refer to the briefing on the Establishment Clause claim. "Mem. EP" and "Opp. EP" refer to the briefing on the Equal Protection claim.

1

Time for Education Policy," Dkt. 1 (Cmpt.) ¶ 4 (emphasis added).[2] Plaintiffs' constitutional challenge to the Act cannot succeed.

### B.     It is constitutional to give elective credit for released time religious education.

The Court should dismiss the complaint because it is constitutional to give elective credit for released time courses. As the School District explained in its original motion, released time programs are regularly upheld under the First Amendment.[3] Dkt. 19 (Mem. EC) 24. States are free "to recognize for purposes of 'elective credit' any released-time classes which are available to all students," so long as the state's terms for granting credit "do not require any test for religious content." *Lanner* v. *Wimmer*, 662 F.2d 1349, 1362 (10th Cir. 1981). States may, of course, ensure that "released-time courses for which credit is granted fulfill certain secular criteria." *Id.* at 1361.

This is exactly what the School District has done. The released time program is open to all students; the only requirements are "the written request of their parent/legal guardian" and that students not "miss required instructional time for the purpose of religious instruction." Dkt. 25 (2d Am. Cmpt.) ¶ 23. Plaintiffs nowhere allege that either the School District or SCBEST has used any other criteria to determine who may enroll in the released time course. The School District requires, as does South Carolina law, that released-time courses for which elective credit is granted fulfill certain secular criteria. *See* Dkt. 33 (Mem. EP) 4 n.3. Both the Policy and state law prohibit the use of religious criteria to judge the content of released time courses. Dkt. 25 (2d Am. Cmpt.) ¶ 18 (quoting S.C. CODE ANN. § 59-39-112); *id.* at ¶ 23 (quoting School District's released time policy); *see also* Dkt. 32 (Reply EC) 11. Thus, both the Policy and the statute are

---

[2]   *See also* Dkt. 25 (2d Am. Cmpt.) ¶ 4 (challenging "***defendant's practice*** of granting public school academic credit for … released time education courses.") (emphasis added).

[3]   Plaintiffs have cited no case holding a released time program to violate Equal Protection.

constitutional.

### C. Plaintiffs' arguments would render all accredited religious schools unconstitutional.

Finally, and most importantly, the Court should reject Plaintiffs' arguments because they prove too much: their theory would render unconstitutional not only credit for released time religious education, but also for all private religious schools. *See* Dkt. 32 (Reply EC) 11 n.7, 13; Dkt. 33 (Mem. EP) 6.[4]

Plaintiffs' response only heightens this concern. As noted above, Plaintiffs claim that "[i]t *fosters* religion to give a grade for it." Dkt. 34 (Opp. EP) 19. Plaintiffs do not attempt to reconcile this logic with the fact that students regularly transfer grades from private religious schools to public schools. *See* Dkt. 25 (2d Am. Cmpt.) ¶ 29 (quoting Transfer Regulations).

Plaintiffs' only attempt to draw a distinction is their groundless assertion that a public school academic grade is somehow different in kind from an accredited private school academic grade. *See* Dkt. 34 (Opp. EP) 5 ("Granting a public school academic grade is a public function."). This makes no sense. By law, public schools accept accredited private school grades, which are used to calculate the student's GPA for graduation and scholarship purposes.[5] Both public and private school students receive diplomas after satisfying South Carolina's graduation requirements. *See* S.C. CODE ANN. REGS. 43-259 (2009). Notably, Plaintiffs have not cited any statutory or case law supporting this alleged distinction.

---

[4] *See also Lanner* at 1361 (noting similar constitutional standards for released time religious education classes for credit and accredited private religious schools).

[5] *See* Dkt. 25 (2d Am. Cmpt.) ¶ 29 (Transfer Regulations); SOUTH CAROLINA DEPARTMENT OF EDUCATION, 2007 UNIFORM GRADING POLICY ("Uniform Grading Policy") at 55-03-5, 55-03-6 (2007), *available at* http://ed.sc.gov/agency/Standards-and-Learning/Instructional-Promising-Practices/old/hsr/documents/INEZ2006UGP_1ApprovedbySBE1-9-07.pdf

## II.    The Court should dismiss Plaintiffs' Equal Protection claim.

As the School District argued in its opening memorandum, this Court should dismiss the Equal Protection claim because (A) Plaintiffs' allegations are inadequate under *Iqbal*; (B) Plaintiffs have failed to allege facts supporting required elements of an Equal Protection claim; (C) Plaintiffs' Equal Protection claim merits only rational basis review; and (D) the School District's challenged actions easily survive rational basis scrutiny. Dkt. 33 (Mem. EP). Plaintiffs have failed to rebut any of these arguments.

### A.    Plaintiffs have failed to rebut the School District's showing that their Equal Protection allegations are inadequate under *Iqbal*.

This Court should dismiss Plaintiffs' Equal Protection claim because their allegations are inadequate under the recent Supreme Court decision *Ashcroft* v. *Iqbal*, 129 S.Ct. 1939 (2009). Dkt 33 (Mem. EP) 2–4. The heightened pleading standard first announced in *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007), and affirmed in *Iqbal*, has been called a "startling" development, A. Benjamin Spencer, *Plausibility Pleading*, 49 B.C. L. REV. 431, 431–32 (2008), and a "surprising departure from ingrained federal pleading rules," Linda S. Mullenix, *Troubling* Twombly, NAT'L L.J., June 11, 2007, at 13. As the Fourth Circuit has noted, "the *Twombly* standard is even more favorable to dismissal of a complaint" than prior formulations of the pleading standard. *Giarratano* v. *Johnson*, 521 F.3d 298, 304 n.3 (4th Cir. 2008).

Plaintiffs' response ignores this significant development in the law, not once citing *Iqbal*, *Twombly*, or any case interpreting them, in support of their arguments. *See* Dkt. 34 (Opp. EP) 7–10. Rather than addressing *Iqbal*, Plaintiffs cite three Supreme Court cases, each more than 25 years old, that allegedly support the adequacy of their allegation about SCBEST's grading crite-

ria.[6] *Id*. Plaintiffs cite no case law in support of their contention that their Transfer Regulations allegation survives *Iqbal* scrutiny. *See* Dkt. 34 (Opp. EP) 9–11.

Plaintiffs' failure to rebut the clear import of *Iqbal* is fatal to their Equal Protection allegations. Their initial Equal Protection claims, and their new argument that SCBEST must have graded based on religion because *one* of SCBEST's objectives is to teach students "to . . . bear[ ] faithful witness to the Christian Gospel," *id*. at 8, all fail under *Iqbal* and should be dismissed.[7]

### B. Plaintiffs fail to allege facts supporting required elements of an Equal Protection claim.

Even if the Court finds Plaintiffs' Equal Protection allegations are sufficient under *Iqbal*, Plaintiffs fail to state a claim upon which relief can be granted under Rule 12(b)(6) because they do not allege (1) that they have been treated worse than others who are similarly situated, or (2) state action. Dkt. 33 (Mem. EP) 5–6.

#### 1. Plaintiffs fail to allege that they are similarly situated to the alleged beneficiaries of the School District's released time policy.

Plaintiffs' response ignores the case law cited by the School District and instead relies solely on an irrelevant forty-year-old California state court decision. In its motion, the School District made clear that Plaintiffs must allege "specific facts from which it may be inferred that [they were] treated differently from others similarly situated … ." Dkt. 33 (Mem. EP) 5 (quoting *T.A. ex rel. Amador* v. *McSwain Union Elem. Sch. Dist.*, 2009 WL 1748793, at *10 (E.D. Cal. Jun. 18, 2009)). Plaintiffs do not address *McSwain*, but assert that they are similarly situated to

---

[6] The School District demonstrated that *Larkin* v. *Grendel's Den*, 459 U.S. 116 (1982), is easily distinguishable from the present case. *See* Dkt. 32 (Reply EC) 10–11 ("All of those key facts are missing here … . The only legal authority relied on by Plaintiffs, then, is simply inapplicable."). Plaintiffs have not responded to the School District's arguments distinguishing *Larkin*.

[7] Plaintiffs request that, should the Court find their allegation regarding SCBEST grades insufficiently pleaded, the Court grant them leave to amend. Courts should not grant leave to amend where it is clear that the amendment would be futile. *See Antonio* v. *Moore*, 174 Fed. Appx. 131,

SCBEST students simply because "[e]ach is the recipient of public school grades." Dkt. 34 (Opp. EP) 12. The only case cited by the Plaintiffs, a 1969 California state court case, has never been cited by a federal court to define who is or is not similarly situated. *Id.* (citing *Purdy & Fitzpatrick* v. *State*, 79 Cal. Rptr. 77 (Cal. 1969)).

With regard to Plaintiffs' Transfer Regulations allegation, Plaintiffs' "similarly situated" claim relies entirely on their strained and discredited interpretation of the South Carolina Released Time Credit Act.[8] Plaintiffs maintain that the School District has "allowed SCBEST to evade" the Released Time Credit Act, which allegedly requires the School District to apply the Transfer Regulations wholesale. Dkt. 34 (Opp. EP) 10.

Plaintiffs have not rebutted the alternative, reasonable interpretation of the Released Time Credit Act proposed by the School District. Dkt. 32 (Reply EC) 11–13. The School District's interpretation of the Act is preferable, first of all, because it avoids the constitutional problems present in the Plaintiffs' interpretation.[9] *See* Dkt. 32 (Reply EC) 13 (citing *INS* v. *St. Cyr*, 533 U.S. 289, 299–300 (2001)). Second, the School District's theory is not only "fairly possible," *id.*, it is superior to Plaintiffs' interpretation of the Act: unlike Plaintiffs' interpretation, it accounts for the actual text of the Act, which states that released time courses should be evaluated using "*substantially the same* criteria," not the exact criteria, "as those in the Transfer Regulations." Dkt. 25 (2d Am. Cmpt.) ¶ 18 (quoting S.C. CODE ANN. § 59-39-112).

---

137, 2006 WL 584395, at *6 (4th Cir. 2006) (quotation omitted).

[8]  Plaintiffs claim that the School District "appears to have conceded that plaintiffs have standing to make each of the Equal Protection claims." Dkt. 34 (Opp. EP) 14 n.22. Plaintiffs are incorrect. The School District challenged Plaintiffs' standing on the first page of its motion. Dkt. 33 (Mem. EP) 1. Moreover, no defendant can "concede" a plaintiff's standing, since the Court has an independent Article III duty to ensure that it has jurisdiction.

[9]  Plaintiffs allege that there is no constitutional way for a school district to grant credit for released time religious education. Dkt. 34 (Opp EP) 17.

6

### 2. Plaintiffs fail to allege state action.

Plaintiffs propose three theories for how they have pleaded state action for their allegation that SCBEST awards grades on a religious basis. Dkt. 34 (Opp. EP) 4–5. None account for the case law provided by the School District, which shows that private schools do not become state actors when they contract with the state or transfer their grades to public schools, even where the private school receives most of its money from the state. Dkt. 33 (Mem. EP) 6. More importantly, Plaintiffs fail to explain how the Court could countenance their theories of state action without "call[ing] into question the constitutionality of not only the South Carolina Released Time Credit Act and similar released time for credit programs, but *all* accredited private schools." *Id*. (citing Dkt. 32 (Reply EC) 11 n.7); *see also supra* I.B–C; *Lanner*, 662 F.2d at 1362 (constitutional to grant graduation credit to public school students attending released time program at church-operated seminary so long as state does not require any test for religious content).

### C. Plaintiffs' Equal Protection claim merits only rational basis review.

The School District demonstrated in its opening memorandum, Dkt. 33 (Mem. EP) 7-8, that since Plaintiffs are not part of a suspect class and their fundamental rights have not been harmed, only rational basis review applies. *See Giarratano* v. *Johnson*, 521 F.3d 298, 303 (4th Cir. 2008). In response, Plaintiffs do not even attempt to identify a suspect class, thereby conceding that there is none. With respect to harm to fundamental rights, Plaintiffs incorrectly claim that the School District concedes that their allegation about SCBEST's grading practices qualifies. *See* Dkt. 34 (Opp. EP) 16. To the contrary, the School District has instead clearly argued that Plaintiffs have failed to state a claim under the Establishment Clause. Dkt. 33 (Mem. EP) 8 (citing Dkt. 19 (Mem. EC) 22–34; Dkt. 32 (Reply EC) 6–15). Since the Establishment Clause claim fails, no fundamental right is affected, and therefore only rational basis review applies. *See* Dkt. 33 (Mem. EP) 7–8.

**D.     The School District's released time policy is rationally related to a legitimate interest in accommodating parents' and students' desires to participate in a released time program.**

Plaintiffs discount the School District's asserted interest, "accommodating the religious exercise of students and parents," because *Smith* and *Zorach* "do not hold that there is a valid government interest in the award of an academic grade for released time religious education." Dkt. 34 (Opp. EP) 18–19. While the released time classes reviewed in *Smith* and *Zorach* did not involve school credit, the released time course considered in *Lanner* v. *Wimmer* did. As in this case, students who completed the released time course at issue in *Lanner* could receive school credit so long as the course fulfilled certain secular criteria. *See Lanner*, 662 at 1361. Nonetheless, the court in *Lanner* held that "[t]he School Board's desire to accommodate the public in its spiritual needs satisfies the secular legislative purpose prong of the [Lemon] test." *Id*. at 1357. Awarding school credit for released time classes did not make a constitutional difference in *Lanner*, nor does it here. This Court is not required to foster a circuit split at Plaintiffs' behest.

## CONCLUSION

For the foregoing reasons, and those presented in Defendant's Memorandum in Support of its Motion to Dismiss Equal Protection Claim, Plaintiffs' Equal Protection claim should be dismissed with prejudice.

Respectfully Submitted,

/s/Kenneth E. Darr, Jr.
Kenneth E. Darr, Jr. (Fed. I.D. #989)
Lyles, Darr & Clark, LLP
104 N. Daniel Morgan Ave., Suite 300
Spartanburg, South Carolina 29306
kdarr@ldclaw.com
Telephone: (864) 585-4806
Facsimile: (864) 585-4810


Eric C. Rassbach (admitted *pro hac vice*)
Lori H. Windham (admitted *pro hac vice*)
The Becket Fund for Religious Liberty
1350 Connecticut Ave., NW, Suite 605
Washington, DC 20036
erassbach@becketfund.org
lwindham@becketfund.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

Attorneys for Defendant
Spartanburg County School District No. 7

November 20, 2009
Spartanburg, South Carolina

9