United States District Court
for the
District of South Carolina
Spartanburg Division

| | |
|---|---|
| Robert Moss, individually and as general guardian of his minor child, et al.,<br>               Plaintiffs<br><br>Vs.<br><br>Spartanburg School District No. 7,<br>               Defendant | Civil Action No. 7:09-CV-1586-HMH |

**PLAINTIFFS' REPLY ON PLAINTIFFS' MOTION FOR LEAVE TO FILE AND SERVE SURREPLY MEMORANDUM**

Now come plaintiffs and respectfully Reply to "Defendant's Response to Plaintiffs' Motion for Leave to File and Serve Surreply Memorandum" (dkt. 37, filed 12/08/09).

**ARGUMENT**

<u>The Court in its discretion should allow plaintiffs' Surreply Memorandum to be filed because it responds to arguments improperly made by defendant.</u>

The Establishment Clause and Equal Protection claims in this case have been separately briefed even though there has been but one motion to dismiss. The Establishment Clause claim was briefed first, and then the Equal Protection claim. Local Rule 7.05(A)(3) DSC provides that memoranda supporting and opposing

1

motions shall "relat[e] to the matter before the Court for ruling."  In the circumstances of this case "the matter before the Court" should be read to mean the claim under discussion, not the overlying motion to dismiss.  Establishment Clause matters are not "before the Court" in memoranda on the Equal Protection claim, and vice versa.  This reading of the Rule will promote the orderly consideration of arguments.

In its Reply on Equal Protection defendant made three new Establishment Clause arguments.[1]  This was improper under Local Civil Rule 7.05(A)(3) DSC.  The occasion for Establishment Clause memoranda had passed.  The Establishment Clause claim was not "before the Court."

Plaintiffs made this argument in their Motion for Leave to File and Serve Surreply Memorandum, dkt. 36, filed 11/27/09.  Additionally plaintiffs cited *Pimentel & Sons Guitar Makers, Inc. v. Pimentel,* 229 F.R.D. 201 (D,N.M. 2005), where the Court allowed a Surreply Brief in much the same circumstances as are presented here.  Defendant did not respond to either of these points.  Instead defendant invoked Local Rule 7.07 DSC, which provides that a Reply is limited to "matters raised initially in response to a motion."  Defendant's argument is that plaintiffs opened the door to the new Establishment Clause arguments by raising

---

[1]  Reply Memorandum in Support of Motion to Dismiss Equal Protection Claim, dkt. 35, filed 11/20/09, at 1-3.

an Establishment Clause argument in their Response on the Equal Protection claim.

The passage from plaintiffs' Response which is said[2] to "raise" an Establishment Clause argument within the meaning of Local Rule 7.07 says only this:

> "                    ARGUMENT
>
> Released time religious education as such is constitutional. *Zorach v. Clauson* [citation omitted]. Plaintiffs claim that additionally giving academic credit for it violates the Establishment Clause.
>
> Within the set of facts that shows defendant's violation of the Establishment Clause are two actions of defendant which independently violate the Equal Protection Clause. These actions are: . . ."[3]

Nothing else in this Response mentions the Establishment Clause.

This two-sentence preamble to plaintiffs' argument does not "raise" an Establishment Clause matter within the meaning of Local Rule 7.07 DSC. The first statement is a truism, and the second statement is a shorthand statement of the prayer for relief. This is a non-argumentative prelude, setting the stage for argument of the Equal Protection claim-within-a-claim that follows. But defendant

---

[2] Defendant's Response to Plaintiffs' Motion for Leave to File and Serve Surreply Memorandum, dkt. 37, filed 12/08/09, at 1-2.

[3] Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, dkt. 34, filed 11/16/09, at 2.

pounced through the supposed crack in the door as if the door had been flung wide open, and made three new Establishment Clause arguments. Local Rule 7.07 DSC cannot be reasonably interpreted to allow this. An Establishment Clause argument is not "raised" by being as lightly mentioned as it was by plaintiffs.

Defendant also says that plaintiffs' proposed Surreply Brief should not be allowed to be filed because it mentions *Lanner v. Wimmer*, 662 F.2d 1349 (10th Cir. 1981).

In its second new argument[4] defendant cited *Lanner* for the proposition that "elective credit" for released time religious education is constitutional so long as it is generally available to all students. *Lanner* had been frequently cited in earlier memoranda, but this was defendant's first citation of it for this particular proposition.[5] Plaintiffs' proposed Surreply Brief contains an extensive refutation

---

[4]   Reply Memorandum in Support of Motion to Dismiss Equal Protection Claim, dkt. 35, filed 11/20/09, at 2.

[5]   In its Memorandum in Support of Motion to Dismiss, dkt. 19-1, filed 8/31/09, defendant cited *Lanner* for these propositions:

Page 26.  (1) Registration and recordkeeping aspects of released time; (2) having a public school student dispatched to pick up released time grades; and (3) inquiry into whether released time courses were denominational.
Page 27.  (4) Investigation and planning aspects of released time (cited *"cf."*).
Page 27-28.  (5) Attendance records (cited *"see"*).
Page 29.  (6) Monitoring religious content of released time courses (cited *"see"*).
Page 32.  (7) Inquiry into neutral criteria such as teacher qualifications and hours of instruction.

of this proposition.[6] Defendant says that because it cited *Lanner* in its Establishment Clause briefing and plaintiffs did not respond then, now that it has raised it again for a different proposition that plaintiffs cannot reply to it.

Plaintiffs were content with defendant's earlier citations of *Lanner*. They concluded from defendant's failure to cite it for the "elective credit" proposition that defendant had realized that this proposition was not good law because it conflicted with the earlier decision in *McCollum v. Board of Education*, 333 U.S. 203, 68 S.Ct. 461, 92 L.Ed. 649 (1948) and the later decision in *Larkin v. Grendel's Den*, 459 U.S. 116, 103 S.Ct. 505, 74 L.Ed. 2d 297 (1982).

Now that defendant has cited *Lanner* for the "elective credit" proposition plaintiffs deserve to be allowed to Surreply. Otherwise defendant's previous citations of it for other propositions will have become the occasion for an ambush.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After 3 briefs on the Establishment Clause, 3 on the Equal Protection Clause, and 3 on the Surreply motion, and with the Surreply brief waiting in the wings, the parties agree only on one matter: that each would welcome oral argument.

Respectfully submitted, December 14, 2009.

---

[6] Proposed Surreply Brief, dkt. 36-1.

s/ Aaron J. Kozloski
D.S.C. Bar No. 9510
Capitol Counsel
P.O. Box 11902
Capitol Station
Columbia, S.C. 29211
Tel:  803-748-1320
Fax:  803-255-7074

Aaron@capitolcounsel.us


George Daly
(*pro hac vice*)
139 Altondale Avenue
Charlotte  N.C.  28207
Tel:  704-333-5196
Gdaly1@bellsouth.net
N.C. Bar No. 1071

Attorneys for Plaintiffs
