IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Robert Moss, et al., | ) | CA No. 7:09-1586-HMH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **CONFERENCE AND** |
| vs. | ) | **SCHEDULING ORDER** |
| | ) | |
| Spartanburg County School District No 7, | ) | |
| | ) | |
| Defendant. | ) | |

     Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this order.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) ("Rule 26(f) conference") shall be held no later than 20 days from the date of this order.[1] At conference the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f) and whether the schedule set forth in this order is appropriate.[2]

2. No later than fourteen (14) days after the Rule 26(f) conference the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[3]

3. No later than fourteen (14) days after the Rule 26(f) conference the parties shall file a Rule 26(f) Report in the form attached to this order. **With this Report, counsel for each party shall file and serve a statement certifying that counsel has (1) discussed the availability of mediation with the party; (2) discussed the advisability and timing of mediation with opposing counsel; and advise the court whether the parties agree to mediation.** Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. See attached Notice of Availability of United States Magistrate Judge.

[3] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

4. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(1)) shall be filed no later than **April 5, 2010**.

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **May 5, 2010** (Fed. R. Civ. P. 26(a)(2)).[4]

6. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **June 4, 2010** (Fed. R. Civ. P. 26(a)(2)).

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **June 4, 2010**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

8. Discovery shall be completed no later than **July 6, 2010**. Discovery shall be deemed completed within this time only if discovery is initiated at such time as to afford the responding party the full time provided under the applicable rule of the Federal Rules of Civil Procedure in which to respond prior to the discovery completion date noted in this paragraph.

    **(The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this order are not affected.**

9. All other motions, except (a) those relating to the admissibility of evidence at trial and (b) those to compel discovery, shall be filed no later than **July 20, 2010** (Fed. R. Civ. P. 16(b)(2)). *See* below ¶ 11 for motions in limine deadline.

---

[4]Concurrent with the identification of each expert and subject matter, each party shall serve (but not file): 1) a complete copy of the most current curriculum vitae of each expert or a detailed summary of his qualifications to testify on each identified subject; 2) (a) a complete statement of all opinions to be expressed by each expert and the basis and reasons therefor; (b) the data and other information considered by the expert in forming the opinions, (c) any exhibits to be used as a summary of or support for the opinions, and (d) citations of any treatise, text or other authority upon which each expert especially relied; and 3) a copy of each expert's report if a report has been prepared.

10. No later than **October 1, 2010**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).

11. Motions in limine must be filed two weeks prior to jury selection.

12. Parties shall furnish the Court pretrial briefs seven (7) business days prior to the date set for jury selection (Local Civil Rule 26.05). Attorneys shall meet at least seven (7) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. See Local Civil Rule 26.07.

13. This case is subject to being called for jury selection and trial on or after **November 2, 2010**.

**A request for a continuance of the trial date must be agreed to and signed by the party and his attorney requesting and/or consenting to the continuance.**

**The court directs the parties' attention to Local Rule 7.00 which governs motion practice. Hearings on motions are not automatic. The court may decide motions without a hearing. If a party opposes a motion which has been filed, that party must file a response to the opposed motion within fifteen (15) days of the date the motion was filed. If no such response in opposition is filed, the court will assume that the party consents to the court's granting the motion.**

**Any motions pending on the date of the Bar Meeting** *will be heard at the Bar Meeting* **and you should be prepared to argue them at that time.**

<u>**NOTICE: You are expected to be available for trial of this case during the month of November 2010 unless the court notifies you of a later date. If you presently have a conflict during the month of November, notify the court in writing within seven (7) days of the date of this order. You will not be excused without leave of court.**</u>

                                                             s/ Henry M. Herlong, Jr.
                                                             United States District Judge

January 19, 2010
Greenville, South Carolina

Pursuant to Local Civil Rule 83.I.08, this order is being sent to local counsel only.

The following referenced documents can be found at www.scd.uscourts.gov:
    1) Rule 26(f) Report
    2) Notice of Availability of United States Magistrate Judge
    3) July 22, 2002, Standing Order
    4) July 25, 2002, Standing Order