United States District Court
for the
District of South Carolina
Spartanburg Division

Robert Moss, individually and as )
general guardian of his minor child, )
et al., )
                  Plaintiffs )
 )
Vs. )   Civil Action No. 7:09-CV-1586-HMH
 )
Spartanburg School District No. 7, )
 )
                  Defendant )

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO JOIN THE STATE OF SOUTH CAROLINA AS A CO-DEFENDANT**

Aaron J. Kozloski                                George Daly
D.S.C. Bar No. 9510                         (*pro hac vice*)
Capitol Counsel                                 139 Altondale Avenue
P.O. Box 11902                                  Charlotte N.C. 28207
Capitol Station                                    Tel: 704-333-5196
Columbia, S.C. 29211                       Gdaly1@bellsouth.net
Tel: 803-748-1320                             N.C. Bar No. 1071
Fax: 803-255-7074
Aaron@capitolcounsel.us


                                                  Attorneys for Plaintiffs

# **TABLE OF CONTENTS**

| | |
|---|---|
| STATEMENT OF THE CASE | 1 |
| ARGUMENT | 2 |
|     <u>Rule 19(a)</u>, *Fed. R. Civ. P.* | 2 |
|         1. The State does not claim a legally protected interest within the meaning of Rule 19(a)(1)(B) | 3 |
|         2. The asserted State interest does not relate to "the subject of the action" within the meaning of Rule 19(a)(1)(B) | 7 |
|     <u>Rule 20</u>, *Fed R. Civ. P.* | |
|         1. Only a party asserting a claim may utilize Rule 20 | 10 |
|         2. Alternatively, no "right to relief" is asserted against the State of South Carolina | 11 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

<u>Cases:</u>

*Atlantic Aero, Inc. v. Cessna Aircraft Co.,* 93 F.R.D. 333 (M.D.N.C. 1981)   7

*American Maritime Transport, Inc. v. United States,* 870 F. 2d 1559
(Fed. Cir. 1989)   3

*Balcor Real Estate Finance, Inc. v. Hall Financial*, 1991 U.S. Dist. Lexis
1808 (N.D. Ill. 1991)   6

*Brewery Dist. Soc. v. Federal Hwy. Admin.,* 996 F. Supp. 750 (S.D.
Ohio 1998)   8

*Cachil Dehe Band of Winton Indians v. California,* 547 F. 3d 962
(9th Cir. 2008)   5

*Carroll v. Brotherhood of Railroad Trainmen,* 417 F. 2d 1025, 1027
(1st Cir.), *cert. denied* 397 U.S. 1039 (1970)   11

*Cooper v. Office of Sheriff of Will County,* 333 F. Supp. 2d 728
(N.D. Ill. 2008)   6

*Hefley v. Textron, Inc.,* 713 F. 2d 1487, 1499 (10th Cir. 1983)   10

*Makah Indian Tribe v. Verity*, 910 F. 2d. 555, 558 (9th Cir. 1990)   6

*Milwaukee County Pavers Association v. Fiedler*, 731 F. Supp. 1395
(W.D. Wis. 1990)   8

*McCormick v. Mays*, 124 F.R.D. 164 (S.D. Ohio 1988)   10

*New Orleans Pub. Serv. v. United Gas Pipe Line Co.,* 732 F. 2d 452
 (5th Cir. 1984)(en banc)   4

*Sales v. Marshall,* 873 F. 2d 115 (6th Cir. 1989)   7

*Scott v. Shepard Wilson, Inc.,* 11 F. 3d 399, 407 (3d Cir. 1993)

*Steffel v. Thompson*, 415 U.S. 452, 454, 94 S.Ct. 1209,
39 L.Ed. 2d 505 (1974)                                                              9

*United Keetoowah Band of Cherokee Indians v. United States,*
480 F.3d 1318 (Fed. Cir. 2007)                                                   3, 7


Rules:

*Fed R. Civ. P.*  19(a)                                                           *Passim*

*Fed. R. Civ. P.*  20                                                             *Passim*

*Rules of the Federal Court of Claims,* Rule 19(a)                                3

Treatises:

4 Moore's Federal Practice § 19.03[3][b] (Matthew Bender 3d ed.).                 3

4 Moore's Federal Practice 19 App. 04[2] (Matthew Bender 3d ed.).                 2

4 *Moore's Federal Practice* § 20.02[2][a] (Matthew Bender 3d ed.)                10

4 *Moore's Federal Practice* § 20.02[2][b] (Matthew Bender 3d ed.)                10

United States District Court
for the
District of South Carolina
Spartanburg Division

| | | |
|---|---|---|
| Robert Moss, individually and as general guardian of his minor child, et al., | ) ) ) | |
| Plaintiffs | ) ) | |
| Vs. | ) ) | Civil Action No. 7:09-CV-1586-HMH |
| Spartanburg School District No. 7, | ) ) | |
| Defendant | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO JOIN THE STATE OF SOUTH CAROLINA AS A CO-DEFENDANT**

Now come plaintiffs and respectfully present this Memorandum In Opposition to defendant's Motion to Join the State of South Carolina as a Co-Defendant (dkt. 48, filed April 23, 2010).

### STATEMENT OF THE CASE

This is an action seeking to declare unconstitutional a Policy of a local school board. Defendant has moved to add the State of South Carolina as a co-party defendant, pursuant to Rules 19(a) and 20, *Fed R. Civ. P.* The State has not moved to intervene and has not indicated any position as to the pending motion.

1

## ARGUMENT

### I.     Rule 19(a)

Defendant appears to contend that the State is a required party because of the following portion of Rule 19(a)[1]:

> (a)(1). *Required Party.* A person. ... must be joined as a party if . . . (B) that person claims an interest relating to the subject of the action . . ."[2]

The State is not such a party. It does not have the "interest" that the Rule requires, and such future potential involvement as the defendant asserts for it is not "relat[ed] to the subject of the action."

---

[1]     The numbering system for Rule 19 has recently changed, and the familiar term "necessary" party is now "required" party. These changes were stylistic only, not substantive. 4 *Moore's Federal Practice* § 19 App. 04[2], at App. -11, -12, -13 (Matthew Bender 3d ed.). Throughout this brief plaintiff has interposed the corresponding new numbers into case discussions.

[2]     Rule 19 (a)(1) requires that the moving party show that the person for whom intervention is sought is a "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." Plaintiffs do not contest that the State of South Carolina is such a party.

Rule 19(a)(1)(A) provides the alternative ground that a person must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." Defendant makes no argument directed to this requirement and appears to concede that the court may accord complete relief among the parties in the absence of the State as a party.

### 1. The State does not claim a legally protected "interest" within the meaning of Rule 19(a)(1)(B).

The recent leading case of *United Keetoowah Band of Cherokee Indians v. United States,* 480 F.3d 1318 (Fed. Cir. 2007), summarizes what must be shown to make out a Rule 19(a)(1)(B) "interest":

> We hold that . . . an absent party that claims it is "necessary" . . . to adjudicate an action must show that its "interest" in the subject matter of the underlying action is "of such a direct and immediate character that the [absent party] will either gain or lose by the direct legal operation and effect of the judgment," *quoting American Maritime Transport, Inc. v. United States,* 870 F. 2d 1559, 1561 (Fed. Cir. 1989)(brackets in original).

*United Keetoowah Band*, 480 Fed. Cir at 1324-25.[3] The Court goes on to cite cases from six Circuits that support this formulation of what must be shown to have a protectable "interest." *Accord,* 4 Moore's Federal Practice § 19.03[3][b], at p. 19-47 (Matthew Bender 3d ed.).

The State will not gain nor lose by the direct legal operation of the judgment that plaintiffs seek. Plaintiffs seek a judgment that the local Policy is unconstitutional as applied. This judgment will not have any legal effect on the State statutes that provide for released time religious education. If the judgment is

---

[3] This holding is directly applicable to the case at bar, despite that the Federal Rules of Civil Procedure do not apply in the Court of Federal Claims, where *United Keetoowah Band* originated. Rule 19 of the Rules of the Court of Federal Claims is verbatim identical with the portion of Civil Rule 19 involved here. *Id.,* at 1324 (text of RCFC 19(a)) and n. 2.

3

completely favorable to plaintiffs it will provide that defendant's practice of granting academic credit for religious instruction, and perhaps other entangling practices of defendant, are unconstitutional. This judgment may create a precedent with which the State will not agree, but the as-applied, fact-bound judgment that plaintiffs seek will have no direct legal operation upon the State or its interests. The legal effect of the State statutes will continue unimpaired.

A legally protected interest is "one which the *substantive* law recognizes as belonging to or owned by the applicant." *United Keetoowah Band, supra,* 480 F. 3d at 1327, *quoting New Orleans Pub. Serv. v. United Gas Pipe Line Co.,* 732 F. 2d 452, 464 (5th Cir. 1984)(en banc)(emphasis in original). The "interests" which defendant asserts on behalf of the State do not meet this standard. Nothing in the substantive law protects a statute against an attack. Nothing in the substantive law protects the accommodation of parents' and students' desires to participate in released time religious instruction. These alleged "interests" are the daily grist of litigation. Neither of them have a source in substantive State law. A favorable judgment in the case at bar will not have a direct legal effect on either of them. They are not legally protected interests; they are characterizations of litigation positions. They are arguments and issues.

Other cases also demonstrate that an interest must be protected by the substantive law to allow Rule 19(a) intervention.

In *Cachil Dehe Band of Winton Indians v. California,* 547 F. 3d 962, 970 (9th Cir. 2008),[4] the tribe had contracted with California to conduct casino gambling. California administered a complex system of allocation of electronic gaming permits in which Cachil Dehe participated, as did other tribes who were not parties. Cachil Dehe brought suit against the State for alleged maladministration of the allocation system. The District Court held that the other tribes, which had entered into identical contracts with California, were required parties. The Circuit Court reversed. Despite the fact that the action would require construction of the same contract that bound the absent tribes, California had discretion to issue an unlimited number of licenses. The only interest of the absent parties was thus to argue for a contract construction which would decrease the number of licenses to Cachil Dehe, an interest in "freedom from competition" and not a legally protectable interest. "Interest" imports a property or contract or similar interest. Even though the absent tribes had signed the same contract, they

---

[4] Rule 19 cases frequently involve Indian tribes. If a tribe is held to be a required party its semi-sovereign immunity will sometimes allow it to elect not to be joined, which then sometimes will lead to a declaration that it is an "indispensable" party under Rule 19(b), in whose absence the suit may not proceed. Tribes frequently seek to use this chain of argument to scuttle litigation by other tribes.

5

had no contract interest in contesting the issuance of more licenses to Cachil Dehe because the supply of licenses was unlimited. To be legally protectable an interest must be "more than a financial stake, and more than speculation about a future event," 547 F. 3d at 970, *quoting Makah Indian Tribe v. Verity*, 910 F. 2d. 555, 558 (9th Cir. 1990).

In *Balcor Real Estate Finance, Inc. v. Hall Financial*, 1991 U.S. Dist. Lexis 1808 (N.D. Ill. 1991), creditors sued debtors to collect loans. Debtors and their affiliates then sued creditors and their affiliates in State court, claiming civil conspiracy. The creditor affiliates were alleged to be parties to the conspiracy. On motion to dismiss the federal suit for failure to join the creditor affiliates it was held that they had no "interest" within the meaning of Rule 19(a) because they were not parties to the loans at issue in the federal suit. No legally protectable interest was shown. By contrast a county that has a legal duty to pay a judgment rendered in an action has a legally protected interest at stake and is a required party. *Cooper v. Office of Sheriff of Will County,* 333 F. Supp. 2d 728 (N.D. Ill. 2008).

Defendant asserts in substance that the State has an interest in avoiding prejudice to its statutes. Plaintiffs have little doubt that the Court will allow the

6

State to appear as *amicus curiae* if it wishes to be heard before judgment. This will fully accommodate the State's concerns.

> 2. <u>The asserted State interest does not relate to "the subject of the action" within the meaning of Rule 19(a)(1)(B).</u>

The subject of an action is the subject sued about, not the relief sought or the effect of that relief.   *United Keetoowah Band, supra,* 480 F. 3d at 1326 (the subject of the action is that "for which the [plaintiff] seeks compensation"); *Sales v. Marshall,* 873 F. 2d 115 (6th Cir. 1989) (State was not allowed to intervene to file bill of costs for executing a writ of *habeas corpus ad testificandum* because the subject of the action was the violation of the Constitution, not the costs); *Atlantic Aero, Inc. v. Cessna Aircraft Co.,* 93 F.R.D. 333 (M.D.N.C. 1981)(Pilot was not required party in suit by plane owners for negligent manufacture, as the property damage was the subject of the suit).

Defendant claims that plaintiff's intend "to stop the State from offering elective credit for released time classes," Mem. Supp. at 5, and that this intent gives the State an "interest" in the outcome of this case. Defendant's hot attack on plaintiffs' motives does not add to its case.[5] The one word that best characterizes

---

[5] Most of the statements which plaintiffs are alleged to have "trumpeted," Mem. Supp. at 5, and of which plaintiffs have supposedly "publicly boasted," *id.,* at 1, assert that giving a grade for religious instruction is unconstitutional. That is, of course, the central claim of the case at bar. One of the statements says that

these attacks is "irrelevant." *See, Brewery Dist. Soc. v. Federal Hwy. Admin.*, 996 F. Supp. 750 (S.D. Ohio 1998)("Plaintiff may desire to stop the ongoing demolition [by an absent party] through this litigation. But this motivation is *irrelevant* under Rule 19")(emphasis added). The legal protectability of an interest does not depend on motive.

The outcome of a litigation is not its subject. The subject of this action is the implementation of the Policy by defendant. The outcome of this litigation may be a precedent unfavorable to the State, but the possibility of an unfavorable precedent does not entitle one to joinder as a party. *Scott v. Shepard Wilson, Inc.*, 11 F. 3d 399, 407 (3d Cir. 1993).

In *Milwaukee County Pavers Association v. Fiedler*, 731 F. Supp. 1395 (W.D. Wis. 1990), the plaintiff Association sued the Wisconsin DOT to declare unconstitutional the implementation of a State statute that created a "set-aside" for disadvantaged businesses. Defendant moved to dismiss for failure to join the

---

plaintiffs hope for a statewide precedent on the issue. *Id.*, at 6. This Court's jurisdiction is statewide, so that statement seems equally unremarkable. Only one of the statements, which is contained in an unpublished letter to the editors by plaintiff Moss, says that the present suit challenges the 2006 statute. *Id.*, at 7-8. Defendant Moss was, of course, mistaken, as the Court later recognized when it stated that "plaintiffs do not challenge the constitutionality of S.C. Code Ann. § 59-1-460." Dkt. 39, at 9. One statement in an unpublished letter to the newspaper is a flimsy basis on which to conclude that, despite what the prayer for relief in this action says, this action actually is really an attack upon a State statute. *See* n. 5, *supra*.

8

United States as an indispensable party. The Court held that the United States had no legally cognizable interest in the subject matter of the suit because plaintiff did not challenge the federal statute, but only its implementation. 731 F. Supp. at 1406.

The State's interest in the case at bar is even more remote and indirect. In *Milwaukee* County plaintiffs challenged the implementation of a statute, yet the sovereign that had enacted the statute was held not to have a legally protectable interest in its implementation. Plaintiffs here are not suing to interpret a statute, but to obtain relief against the implementation of a local Policy.[6] The State of South Carolina, which is not the sovereign who enacted the Policy, has an even more remote interest in it than was the case in *Milwaukee Pavers*.

A State is not a required party to an action that seeks to declare unconstitutional the implementation of a State statute. *Steffel v. Thompson*, 415

---

[6] There are substantial differences between the statute and the Policy. Notably, the statute provides that school districts "may award" elective credits. S.C. Code Ann. 59-39-112 (A), but the Policy provides that defendant "will accept" such credits. Second Amended Complaint ¶ 23, at p. 10. Further, the statute provides that there must be an evaluation of the religious classes. S.C. Code Ann. 59-39-112 (A)(1) ("A school district may award . . . units . . . if . . . classes . . . are evaluated on the basis of . . ."). Testimony of defendant at its deposition six days ago, not yet transcribed, was that defendant makes no evaluation of the released time course but accepts the grade from SCBEST through Oakbrook without question, as if it were an accredited school transfer situation.

U.S. 452, 454, 94 S.Ct. 1209, 39 L.Ed. 2d 505 (1974). The State's interest is even less implicated here because the Policy is not legally connected to the statute.[7]

## I.     Rule 20

### 1.    Only a party asserting a claim may utilize Rule 20.

Defendant is not seeking any relief in this suit, therefore it may not invoke Rule 20. Although the text of Rule 20 is silent as to who may invoke its provisions, it is settled law that a party who is not seeking relief may not invoke it. *Hefley v. Textron, Inc.,* 713 F. 2d 1487, 1499 (10th Cir. 1983). ("[J]oinder of defendants under Rule 20 is a right belonging to plaintiffs. . . a defendant can not use Rule 20 to join a person as an additional defendant"); *McCormick v. Mays*, 124 F.R.D. 164 (S.D. Ohio 1988); 4 *Moore's Federal Practice* § 20.02[2][a], at p. 20-11 (Matthew Bender 3d ed.)("The defendant has no right to insist that the plaintiff join all persons who could be joined under [Rule 20]"). A defendant may implead other parties under Rule 14 or interplead them under Rule 22 but it may not utilize Rule 20 to join them as parties. *Id.,* § 20.02[2][b].[8]

---

[7] The Policy treats the statute as only a "Legal reference." Second Amended Complaint, ¶ 23. It does not purport to incorporate the statute by reference.

[8] A counter-claiming or cross-claiming defendant becomes a plaintiff for Rule 20 purposes, 4 *Moore's Federal Practice* § 20.02[2][a], at p. 20-11, but defendant has not counter-claimed or cross-claimed.

10

    a. <u>Alternatively, no "right to relief" is asserted against the State of South Carolina.</u>

Rule 20 (a)(2) provides:

> Persons may be joined in one action as defendants if (A) any right to relief is asserted against them . . .

In order to join a party under Rule 20 it must be shown that there exists a claim for relief against the party to be joined. *Carroll v. Brotherhood of Railroad Trainmen,* 417 F. 2d 1025, 1027 (1st Cir.), *cert. denied* 397 U.S. 1039 (1970). Plaintiff's claim is that the Policy as applied violates the Constitution. Plaintiff pleads no claim against the State and seeks no relief against it.

The textual requirement that a claim for relief must be stated bears out the preceding argument that only a party who makes a claim for relief can utilize Rule 20.

## CONCLUSION

Upon the reasoning an authority cited, the Motion should be denied.

Respectfully submitted, May 11, 2010.

            s/ Aaron J. Kozloski
            D.S.C. Bar No. 9510
            Capitol Counsel
            P.O. Box 11902
            Capitol Station
            Columbia, S.C. 29211
            Tel:  803-748-1320

        Fax:  803-255-7074

        Aaron@capitolcounsel.us

        George Daly
        (*pro hac vice*)
        139 Altondale Avenue
        Charlotte  N.C.  28207
        Tel:  704-333-5196
        Gdaly1@bellsouth.net
        N.C. Bar No. 1071

        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that I filed the3 foregoing document through the Court's electronic filing system on May 11, 2010.

        s/ Aaron J. Kozloski