IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robert Moss, individually and as general guardian of his minor child; | ) ) ) ) |
| Ellen Tillett, individually and as general guardian of her minor child; and | ) ) ) ) |
| Freedom From Religion Foundation, Inc., a Wisconsin non-profit corporation, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 7:09-cv-1586-HMH |
| Spartanburg County School District No. 7, | ) ) ) |
| Defendant. | ) ) ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO JOIN THE STATE OF SOUTH CAROLINA AS CO-DEFENDANT**

Eric C. Rassbach (admitted *pro hac vice*)
Lori H. Windham (admitted *pro hac vice*)
Eric N. Kniffin (admitted *pro hac vice*)
The Becket Fund for Religious Liberty
3000 K St. NW, Suite 220
Washington, DC 20036
erassbach@becketfund.org
lwindham@becketfund.org
ekniffin@becketfund.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

Kenneth E. Darr, Jr. (Fed. I.D. #989)
Lyles, Darr, & Clark, LLP
104 N. Daniel Morgan Ave.
Suite 300
Spartanburg, South Carolina 29306
kdarr@ldclaw.com
Telephone: (864) 585-4806
Facsimile: (864) 585-4810

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT .......................................................................................................................... 1

I.   The Court should join the state of South Carolina as a co-defendant because this case directly impacts state interests ............................................................................................. 1

   A.   Plaintiffs fail to demonstrate any "substantial differences" between the Policy and the Released Time Credit Act. ............................................................................... 2

   B.   Plaintiffs' attempts to characterize their case as an as-applied challenge fail to diminish the state's interests. ................................................................................. 5

II.  If the Court finds that the state should not be joined as a co-defendant, it should give the South Carolina Attorney General notice under 28 U.S.C. § 2403(b). ................................ 6

CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page**

*Catawba Indian Tribe of South Carolina* v. *City of North Myrtle Beach*,
   No. 4:97-cv-03000 (D.S.C. Dec. 28, 1997) ................................................................. 7

*Citizens United* v. *Fed. Election Comm'n*,
   130 S.Ct. 876 (2010) ............................................................................................. 5–6

*In re Yi*,
   219 B.R. 394 (E.D. Va. 1998) ................................................................................. 7

*Merrill* v. *Town of Addison*,
   763 F.2d 80 (2d Cir. 1985) ...................................................................................... 7

*Wallach* v. *Lieberman*,
   366 F.2d 254 (2d Cir. 1966) .................................................................................... 7

**Statutes**                                                                                                **Page**

28 U.S.C. § 2403(b) ................................................................................................... 6–7

2006 S.C. ACTS 322 ...................................................................................................... 3

S.C. CODE ANN. § 59-39-112 ................................................................................. *passim*

## INTRODUCTION

In their response, Plaintiffs attempt to distance themselves from the plain implications of their complaint and rhetoric. Their efforts have not diminished the State of South Carolina's interests in this case. In light of the state's clear interests in the outcome of this litigation, the Court should join the State of South Carolina as a co-defendant under Rule 19 or Rule 20. If the Court finds that the state's relationship to this lawsuit does not warrant joinder, the Court should notify the South Carolina Attorney General under 28 U.S.C. § 2403(b) that the constitutionality of the South Carolina Released Time Credit Act, S.C. CODE ANN. § 59-39-112, ("RTCA") is at issue in this litigation.

## ARGUMENT

**I.     The Court should join the state of South Carolina as a co-defendant because this case directly impacts state interests**

The School District argues that the State of South Carolina has profound interests in this case. The challenged School District Policy was passed to implement the RTCA, both citing to and borrowing language from the act. Dkt. 48 at 3. Plaintiffs claim they merely challenge the manner in which the School District implemented its released time policy, but the School District exercised little discretion in implementing its Policy. *Id.* at 8–11. Because there is scarcely any daylight between the RTCA and the Policy, it should be no surprise that almost every constitutional question raised by Plaintiffs' complaint applies equally to the Policy and to the RTCA. *Id.* at 1, 14. Even more to the point, if the Plaintiffs were to succeed on their claims regarding "the District's implementation of the Policy," they would render the RTCA impossible to implement, and therefore a nullity. *Id.* at 8–10.

None of this should come as a surprise to Plaintiffs, for they and their attorney have repeatedly stated that the purpose of this lawsuit is to make it impossible for South Carolina schools to grant elective credit for released time classes. *Id.* at 5–9.

Plaintiffs' response presents two arguments that attempt to diminish the significance or relevance of the state's interests in this case. First, Plaintiffs claim that the State of South Carolina has no "legally protected interest" in this case. Dkt. 49 (Response) at 3–7. Second, Plaintiffs claim that the state's interest does not relate to "the subject of the action." *Id.* at 7–10.

Plaintiffs' arguments fail because they depend heavily on two unsubstantiated claims about the relationship between the state and this lawsuit. First, Plaintiffs claim that the state's interest in this case is insufficient because Plaintiffs have declared that this suit is merely an as-applied challenge to the School District's Policy. *Id.* at 3–4, 7–10. Second, Plaintiffs claim that the state's interest is unrelated to this suit because there are "substantial differences" between the School District's Policy and the RTCA. *Id.* at 9–10. Neither of these claims have merit, and without them, Plaintiffs' arguments against joinder fail.

### A.  Plaintiffs fail to demonstrate any "substantial differences" between the Policy and the Released Time Credit Act.

The School District argues in its Motion that there is "scarcely any daylight" between the Policy and the RTCA. Dkt. 48 at 1. The School District demonstrated that this is the case by comparing the Policy to the RTCA, and by listing several instances where Plaintiffs challenge aspects of the School District's Policy and its implementation where there was no discretion under state law. *Id.* at 8–10, 14.

Although this is the primary argument in the School District's motion, Plaintiffs largely ignore this point in their response. Instead, Plaintiffs argue in a footnote that their lawsuit does not call for the Court to interpret the RTCA because "[t]here are substantial differences between the

2

statute and the Policy." Dkt. 49 at 9 n.6. Plaintiffs make three arguments toward this end, and each of them fails.

Plaintiffs' first "substantial difference[]" is that while the RTCA states that school districts "may award" elective credits, the School District's Policy states that it "will accept" such credits. *Id*. Plaintiffs have it exactly backwards: these phrases illustrate how deeply interdependent the RTCA and the Policy are. The RTCA, standing on its own, does not accomplish its purpose of "accomodat[ing] parents' and students' desires to participate in released time program." 2006 S.C. ACTS 322 (preamble to the RTCA). For the RTCA to have any practical effect at all, South Carolina school districts must choose to implement policies pursuant to the RTCA. This is, of course, exactly what the School District did in adopting the challenged Policy: South Carolina law states that school districts "*may*" allow their students to receive elective credit for released time courses; the School District took the state up on this offer and decided it "*will*" allow Spartanburg High School students to do so. And because the School District availed itself of the opportunity created by the RTCA, Plaintiffs filed this lawsuit.

Plaintiffs' second "substantial difference[]" is closely related to their first: Plaintiffs argue that the Policy is "not legally connected" to the RTCA (Dkt. 49 at 10), and that the School District did not "purport to incorporate" the RTCA by passing its Policy, *Id*. at 10 n.7. Plaintiffs' Complaint belies this argument, quoting the minutes of the School Board's January 7, 2007, minutes. Those minutes record that a member "brought forth a motion . . . ***for the district to adopt the SC State Law S-148***: Released Time for High School Credit as its model. . . . All board members were in favor of the motion to offer the release-time credit and ***to adopt SC State Law S[enate Bill]-148***." Dkt. 25 (2d Am. Cmplt.) ¶ 21 (emphasis added). Plaintiffs' contention

3

that the Policy is "not legally connected" to the RTCA denies the obvious and should not be credited.

Plaintiffs' third and final "substantial difference[]" rests on an alleged disparity between the RTCA and Plaintiffs' account[1] of the School District's superintendent's testimony at his May 6 deposition. Dkt. 49 at 9 n.6. Plaintiffs claim the RTCA *requires* high schools to evaluate the religious classes[2] and the School District has failed to do this. Plaintiffs are mistaken. The RTCA does not say that a high school *must* sift through a released time teacher's lesson plans, exams, and grade book before issuing elective credit. As Plaintiffs acknowledge in their complaint, "Defendant is required by South Carolina law to apply the Transfer Regulations when deciding whether to grant academic credit for released time religious education." Dkt. 25 ¶ 30.[3] Oddly, Plaintiffs now appear to be complaining that the School District *has* followed the letter of the Transfer Regulations, by accepting transfer credits issued by Oakbrook Preparatory School at face value, just as it does routinely for any student transferring into Spartanburg High School from Oakbrook or any other accredited high school.

Put another way, the first step in Spartanburg High School's evaluation of any request to transfer in credits is: "Were these credits issued by an accredited school?" If so, under South

---

[1] The School District has not yet received the transcript of its May 6 Rule 30(b)(6) deposition.

[2] This claim in itself is enough to demonstrate that Plaintiffs' lawsuit challenges the constitutionality of the RTCA. Plaintiffs claim in their response that the RTCA "provides that there must be an evaluation of the religious classes" (Dkt. 49 at 9 n.6), but in an earlier brief contend that "Defendant cannot constitutionally test for religious knowledge" (Dkt. 30 (Resp. EC) at 5).

[3] The School District disputes Plaintiffs' interpretation of the relationship between the RTCA and the Transfer Regulations, noting that the RTCA merely requires school districts to use "substantially the same criteria used to evaluate similar classes at established private high schools," not exactly the same criteria. *See* Dkt. 32 (Reply EC) at 5.

4

Carolina's Transfer Regulations and, by extension, the RTCA, the evaluation process is complete and Spartanburg High School accepts the credits.

### B.     Plaintiffs' attempts to characterize their case as an as-applied challenge fail to diminish the state's interests.

Each of Plaintiffs' major arguments against the state's interest in this case starts with their oft-repeated assurance that Plaintiffs merely "seek a judgment that the local Policy is unconstitutional as applied." Dkt 49 (Response) at 3. Plaintiffs promise that "the as-applied, fact-bound judgment" they seek "will not have any legal effect on the State statutes that provide for released time religious education." *Id*. at 3–4, *see also* 9.

Plaintiffs have not—and cannot—establish that this lawsuit "will not have any legal effect on the State statutes." That is not their determination to make. Plaintiffs' response fails to acknowledge, let alone explain, the recent *Citizens United* decision, in which the Supreme Court denied that there is a bright line between a facial and as-applied challenge in such cases. *See* Dkt. 48 at 10. Plaintiffs therefore concede the School District's argument, based upon *Citizens United*, that nothing a plaintiff can put in his complaint, no representation a plaintiff can make, can "bar[] a court from making broader pronouncements of invalidity in properly 'as applied' cases." *Id*.

Plaintiffs' assurances that they will not disturb the state statute ring hollow because, as *Citizens United* makes clear, they are not Plaintiffs' to give: only the Court can decide what remedies are necessary to resolve Plaintiffs' claims. "The parties cannot enter into a stipulation that prevents the Court from considering certain remedies if those remedies are necessary to resolve a claim that has been preserved." *Citizens United* v. *Fed. Election Comm'n*, 130 S.Ct. 876, 893 (2010). Therefore, Plaintiffs' repeated assertion (at least when responding to the School District's motions) that they have only brought an as-applied challenge will in no way insulate the state statutes from constitutional scrutiny.

5

Plaintiffs not only failed to address *Citizens United*, they also failed to dispute the School District's claim that this case presents common issues of law that pertain equally to the Policy and the RTCA. Dkt. 48 at 14. Having conceded both of these arguments, Plaintiffs fail to demonstrate that the state's interest in this case is merely "speculation about a future event." Dkt. 49 at 6.

Thus, even apart from Plaintiffs' numerous admissions that they brought this case to challenge the RTCA (Dkt. 49 at 5–8), the School District has established that this lawsuit cannot be characterized as simply an as-applied challenge to the School District's Policy. Plaintiffs' lawsuit unmistakably implicates the State of South Carolina's interest in defending the constitutionality of the RTCA. Plaintiffs' attempts to disclaim the obvious import of their claims do not withstand scrutiny.

Because Plaintiffs have not shown any "substantial differences" between the Policy and the RTCA, and because they have not established that this action is, and can only be, an as-applied challenge to the School District's Policy, the state retains a strong interest in this case. Accordingly, the Court should find that the state is a necessary party under Rule 19 or, in the alternative, under Rule 20.[4]

## II.     If the Court finds that the state should not be joined as a co-defendant, it should give the South Carolina Attorney General notice under 28 U.S.C. § 2403(b).

If the Court declines to join the State of South Carolina as a co-defendant, it should notify the South Carolina Attorney General under 28 U.S.C. § 2403(b) that the constitutionality of the South Carolina RTCA is at issue in this litigation. Section 2403(b) states, in relevant part,

---

[4] Plaintiffs argue that the School District cannot move under Rule 20 to add the state as a co-defendant. Dkt. 49 at 10. As Plaintiffs admit, Rule 20 does not contain this limitation. *Id*. Although Plaintiffs claim this is "settled law," they cite no authority that is binding on this Court, but only a single case from the Tenth Circuit, nearly thirty years old.

6

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

28 U.S.C. § 2403(b).

Certification under 28 U.S.C. § 2403 is "a duty of the court that should not be ignored, even if the claim is obviously frivolous or may be disposed of on other grounds." *Merrill* v. *Town of Addison*, 763 F.2d 80, 92 (2d Cir. 1985) (quoted in *Order of Court at 1*, *Catawba Indian Tribe of South Carolina* v. *City of North Myrtle Beach*, No. 4:97-cv-03000 (D.S.C. Dec. 28, 1997) (order granting motion to notify S.C. Attorney General)). Section 2403(b) requires the court to notify the state attorney general even though the constitutional question might never be passed on, *Wallach* v. *Lieberman*, 366 F.2d 254, 257 (2d Cir. 1966), or if the court construes a lawsuit as an as-applied constitutional challenge, *In re Yi*, 219 B.R. 394, 402 n.23 (E.D. Va. 1998). A district court may certify a constitutional question to an attorney general at any stage of the proceeding. *Wallach*, 366 F.2d at 257–58.

For the reasons stated above, and in the School District's Motion to Add State as Co-Defendant, the School District submits that this case draws into question the constitutionality of the South Carolina Released Time Credit Act.

## CONCLUSION

For the foregoing reasons, and those presented in the School District's Memorandum (Dkt. 48), the Court should join the State of South Carolina as a co-defendant under Federal Rule of Civil Procedure 19(a) or Rule 20(a). If the Court declines to join the State of South Carolina

as a co-defendant, it should notify the South Carolina Attorney General under 28 U.S.C. § 2403(b) that the constitutionality of the South Carolina Released Time Credit Act is at issue in this litigation.

Respectfully submitted,

/s/Kenneth E. Darr, Jr.
Kenneth E. Darr, Jr. (Fed. I.D. #989)
Lyles, Darr & Clark, LLP
104 N. Daniel Morgan Ave., Suite 300
Spartanburg, South Carolina 29306
kdarr@ldclaw.com
Telephone: (864) 585-4806
Facsimile: (864) 585-4810


Eric C. Rassbach (admitted *pro hac vice*)
Lori H. Windham (admitted *pro hac vice*)
Eric N. Kniffin (admitted *pro hac vice*)
The Becket Fund for Religious Liberty
3000 K St. NW, Suite 220
Washington, DC 20036
erassbach@becketfund.org
lwindham@becketfund.org
ekniffin@becketfund.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

Attorneys for Defendant
Spartanburg County School District No. 7

May 18, 2010
Spartanburg, South Carolina

8