IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robert Moss, individually and as general guardian of his minor child; Ellen Tillett, individually and as general guardian of her minor child; and The Freedom From Religion Foundation, Inc.,<br><br>        Plaintiffs,<br><br>vs.<br><br>Spartanburg County School District No. 7, a South Carolina body politic and corporate,<br><br>        Defendant. | C.A. No. 7:09-1586-HMH<br><br>**OPINION & ORDER** |

This matter is before the court on Defendant Spartanburg County School District No. 7's ("SCSD") motion to join the state of South Carolina as a co-defendant. For the reasons stated below, the court denies SCSD's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed suit against SCSD alleging that its released time policy violates the Establishment Clause of the United States Constitution. S.C. Code Ann. § 59-1-460(A) allows a school district to "authorize[] a student to be excused from school to attend a class in religious instruction conducted by a private entity." "While in attendance in a religious instruction class pursuant to [§ 59-1-460], a student is not considered to be absent from school." § 59-1-460(B). In 2006, the South Carolina legislature enacted the Released Time Credit Act ("the Act") which allows a school district to "award high school students no more than two elective Carnegie units for the completion of released time classes in religious instruction as specified in Section 59-1-460." S.C. Code Ann. § 59-39-112(A) (2006).

The Spartanburg County School Board has adopted a released time program entitled "Released Time for Religious Instruction" whereby students receive religious training from Spartanburg County Bible Education in School Time ("SCBEST"). (Def. Mem. Supp. Joinder 3.) Although students receive instruction from SCBEST, their grades are sent to the public schools from Oakbrook Preparatory School ("Oakbrook"), a private religious school located in Spartanburg, South Carolina. (Id.); (Pls. Mem. Opp'n Joinder 9.) Plaintiffs allege that the grades submitted by Oakbrook are treated by Spartanburg High School as coming from Oakbrook and not from SCBEST and without further inquiry the grades are entered upon the student's official transcript and credited as satisfying an elective requirement used to compute grade point averages. (Pls. Mem. Opp'n Joinder 9.) Accordingly, Plaintiffs seek a "judgment that the local Policy is unconstitutional as applied." (Id. at 3.)

On April 23, 2010, SCSD filed a motion to join the state of South Carolina as a Defendant. Plaintiffs filed a memorandum in opposition on May 11, 2010. SCSD filed a reply on March 18, 2010.

## II. DISCUSSION OF LAW

Pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure, SCSD argues that South Carolina "should be joined as a co-defendant because its ability to protect its interests in the constitutionality of a state statute and in accommodating parents' and students' beliefs will otherwise be impeded." (Def. Mem. Supp. Joinder 4.)

> Federal Rule of Civil Procedure 19 sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action. First, the district court must determine whether the party is "necessary" to the action under Rule 19(a). If the court determines that the party is "necessary," it must then determine whether the party is "indispensable" to the action under Rule 19(b).

<u>Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Rite Aid of South Carolina</u>, 210 F.3d 246, 249

(4th Cir. 2000). An absent party must be joined if

> (A) in that person's absence, the court cannot accord complete relief among
> existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so
> situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the
>> interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double,
>> multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Upon review, the court finds that the state of South Carolina is not a required party under

Rule 19(a)(1). South Carolina's absence as a Defendant would not preclude Plaintiffs from

receiving complete relief. Plaintiffs seek to challenge the constitutionality of Defendant's "local

Policy . . . as applied."[1] (Pl. Mem. Opp'n Joinder 3.) Additionally, South Carolina has not

attempted to intervene to claim an interest relating to the subject of this action. The State has the

option to "provide[] the Court with arguments as to their interests without jeopardizing sovereign

immunity by appearing as amici curiae." <u>School Dist. of City of Pontiac v. Sec'y of U.S. Dept.</u>

<u>of Educ.</u>, 584 F.3d 253, 266 (6th Cir. 2009). While the state of South Carolina may have an

---

[1] SCSD alleges that "documents produced by Plaintiffs . . . show that [they] have repeatedly announced their intention to use this lawsuit to stop *all* South Carolina schools from granting elective credit for released time classes." (Def. Mem. Supp. Joinder 5.) Specifically, SCSD alleges that Plaintiff Robert Moss ("Moss") has made statements to the local school district and newspapers expressing his belief that it is unconstitutional to allow a school district to offer credit for religious courses. (<u>Id.</u> at 5-8.) The alleged statements made by Moss, however, do not alter the relief sought in Plaintiffs' complaint which only challenges SCSD's application of its local time release policy.

interest in the outcome of this case, that is simply not enough to fall into one of the two categories of Rule 19(a).

SCSD also seeks to join South Carolina under Rule 20(a) of the Federal Rules of Civil Procedure. However, permissive joinder under Rule 20(a) is not available to SCSD. "[A] defendant can not use rule 20 to join a person as an additional defendant." Hefley v. Textron, Inc., 713 F.2d 1487, 1499 (10th Cir. 1983). "The permissive joinder rule gives the *plaintiff* a powerful tool to structure litigation . . . . It permits the *plaintiff* to join multiple parties on either . . . side." 4 James Wm. Moore et al., Moore's Federal Practice, ¶ 20.02[2][a][i] (3d ed. 2009) (emphasis added). A defendant may not seek permissive joinder under Rule 20(a) unless he has filed a crossclaim or counterclaim. See id. at ¶ 20.02[2][a]-[b]. SCSD has not filed any crossclaims or counterclaims in this case. Only when a defendant has "file[d] a counterclaim or crossclaim will the defendant be treated as a plaintiff for purposes of permissive party joinder [under Rule 20]." Id. ¶ 20.02[2][b][i]. Accordingly, SCSD may not seek to join South Carolina as a co-defendant under Rule 20.

In its reply to the motion for joinder, SCSD requests that the court "give the South Carolina Attorney General notice under 28 U.S.C. § 2403(b)." (Reply 6.) 28 U.S.C. § 2403(b) provides that

> [i]n any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

SCSD asserts that the court should "notify the South Carolina Attorney General . . . that the constitutionality of the South Carolina [Released Time Credit Act] is at issue in this litigation." (Reply 6.)  The court finds no harm in notifying the South Carolina Attorney General of the constitutional question raised in this case–whether Defendants' implementation of a released time policy violates the Establishment Clause.  The court notes, however, that the Plaintiffs do not challenge the constitutionality of the Act itself.  Therefore, the South Carolina Attorney General will be given notice of the constitutional question raised in this litigation.

The court's notification to the Attorney General does not, however, alter the court's finding that South Carolina should not be joined as a co-defendant under Rules 19 or 20 of the Federal Rules of Civil Procedure.  Based on the foregoing, the court denies SCSD's motion to join South Carolina as a co-defendant.

Therefore, it is

**ORDERED** that Defendant's motion to join the state of South Carolina as a co-defendant, docket number 48, is denied.  It is further

**ORDERED** that the Clerk of Court shall forward a certified copy of this Order to the South Carolina Attorney General's Office, Attention: Henry McMaster.  If the South Carolina Attorney General's Office wishes to respond to the notice, it shall respond within thirty (30) days from the date of this Order.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 25, 2010

5