United States District Court
for the
District of South Carolina
Spartanburg Division

| | | |
|---|---|---|
| Robert Moss<br>and Melissa Moss, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Ellen Tillett, individually and as<br>general guardian of her minor child, | ) | |
| | ) | |
| and | ) | Civil Action No. 7:09-cv-1586:HMH |
| | ) | |
| The Freedom From Religion<br>Foundation, Inc., | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Spartanburg County School District<br>No. 7, a South Carolina body politic<br>and corporate | ) | |
| Defendant | ) | |

_____

THIRD AMENDED COMPLAINT

NOW COME Plaintiffs and say:

1. This case arises under the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. This Court accordingly has subject matter jurisdiction of this action pursuant to 28 U.S.C. 1331.

2. This is an action brought pursuant to 42 U.S.C. 1983 and 1988 to remedy the deprivation under color of South Carolina law of rights secured to plaintiffs by

these same constitutional provisions.  This Court accordingly has subject matter jurisdiction pursuant to 28 U.S.C. 1343(a)(3),(4).

3.  This is an action for a declaratory judgment, pursuant to 28 U.S.C. 2201.

4.  This is an action to declare unconstitutional defendant's practice of granting public school academic credit for evangelical, sectarian and proselytizing religious released time courses.

5.  Venue is properly laid in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred in this Division and because Defendant does business in this District relating to the events or omissions alleged.

6.  Plaintiffs Robert Moss and Ellen Tillett are adult citizens and residents and municipal taxpayers of Spartanburg County, South Carolina.  Plaintiff Melissa Moss is an adult citizen and resident of Spartanburg County, South Carolina.  She is the daughter of plaintiff Robert Moss, for whom he originally brought this suit in his capacity as parent and natural guardian.  Plaintiff Tillett is the parent and natural guardian of a minor child who is enrolled at Spartanburg High School in Spartanburg, South Carolina, a public high school owned and operated by Defendant.  For the academic year 2009-2010 plaintiff Tillett's child has entered the eleventh grade.

7.  Each plaintiff and  the minor child was and is adversely affected in fact by defendant's practice of granting public school academic credit for proselytizing, sectarian and evangelical religious released time education courses.

8.  Each  plaintiff and  the minor child believes that defendant's  practice of granting public school academic credit for proselytizing, sectarian and evangelical religious released time education courses violates the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

9.  Plaintiff Tillett sues for herself individually and as representative of her minor child.  Each plaintiff and each minor child has been and is offended by and emotionally affected and distressed by the defendant's practice of granting public school academic credit for proselytizing, sectarian and evangelical religious released time education courses in the following manners and circumstances:

a.  Prior to the enactment of the Policy each of plaintiffs Robert Moss and Tillett received through the mails and shared, plaintiff Robert Moss with his then minor child Melissa, and plaintiff Tillett with her minor child, a letter, attached as Exhibit A[1] and incorporated by reference, from Spartanburg County Bible Education in School Time (SCBEST), a private religious organization which had been selected by defendant and whose selection was later ratified by defendant and which now offers the sectarian, evangelical and proselytizing religious released time religious education course implemented by Defendant.  Upon information and belief Defendant supplied SCBEST with the names and addresses of all rising tenth, eleventh and twelfth grade students at Spartanburg High School so that this letter could be sent.  Upon information and belief defendant knew of and approved the contents of this letter before it was sent.

b. Plaintiff Robert Moss wrote remarks opposing enactment and implementation of the Policy and the released time course as proposed, which were publicly presented to Defendant at the meeting at which the Policy was enacted.  A copy of these remarks is attached as Exhibit B and incorporated by reference. They informed the Board that SCBEST proposed to offer an evangelical, sectarian, proselytizing religious released time course.  Plaintiff Robert Moss was subjected to adverse public comment on account of these remarks and his opposition to the Policy and its implementation.

c. Plaintiff Robert Moss complained about the Policy and its implementation to the Chairman of defendant's Board of Trustees and its Acting Superintendent. They summarily dismissed his concerns and objections.  He told Melissa Moss and Plaintiff Tillett of this meeting, and Plaintiff Tillett told her minor child of it.

10.  Each plaintiff and plaintiff Tillett's minor child has come into offensive contact with the implementation of the Policy.  Each plaintiff and plaintiff Tillett's minor child is and has been deeply and fundamentally offended by defendant's granting of public school academic credit for the proselytizing, sectarian and evangelical religious released time education courses which this suit challenges, and its violation of the Establishment Clause.  Each plaintiff and plaintiff Tillett's minor child feels less welcome at and about Spartanburg High School and the

---

[1] A portion of this letter appears to have been deleted in an electronic transfer. Plaintiff will seek an undeleted copy in discovery and provide it to the Court.

offices of defendant on account of the receipt of Exhibit A, the defendant's unfriendly reception of plaintiff Moss, and the defendant's practice of granting public school academic credit for proselytizing, sectarian and evangelical religious released time courses.

11.  Each student attending defendant's released time course is subject to academic advantage from the defendant's practice of granting public school academic credit for proselytizing, sectarian and evangelical religious released time courses, in that the granting of academic grades by defendant for released time classes at the command of SCBEST may affect his or her grade point average based on SCBEST's perception of the student's religious status or progress or lack thereof.  Grade point average is used to determine eligibility for Legislative Incentives for Future Excellence (LIFE) scholarships (South Carolina Code 59-149-50(A) (2007)) and is a significant determinant in qualification for other educational opportunities, emoluments and distinctions.  Non-attending students are subject to corresponding disadvantages.

12.  Defendant aids its released time provider in carrying out its religious mission by the threat of enforcement of its compulsory attendance powers against students enrolled in the released time course.

13.  Plaintiffs Robert Moss and Tillett pay taxes that support defendant. Defendant has used measureable portions of its tax revenues to investigate and approve and implement defendant's practice of granting public school academic credit for proselytizing, sectarian and evangelical religious released time courses

14.  The plaintiff Freedom From Religion Foundation is a Wisconsin non-stock corporation with its principal office in Madison, Wis.  As a national non-profit educational charity under IRS Code 501(c)(3) the Foundation works to defend the constitutional principle of separation between church and state, as well as to educate the public about the views of nontheists. The Foundation represents 82 members in South Carolina and over 14,000 members nationwide. These members and FFRF are opposed to government endorsement of religion and violations of the Establishment Clause of the First Amendment and associated violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and offended by the constitutional violations of which complaint is made.  One of the plaintiffs is a member of FFRF.  Other members of plaintiff Freedom From Religion Foundation reside within the jurisdiction of defendant.  These members have standing to sue in

4

their own right.  Plaintiff FFRF seeks to protect interests that are germane to its purpose as an organization.  It brings this action both independently in its own interest and as representative of its members.

15.  Defendant is a South Carolina body politic and corporate and may be sued in its own name.  It is sued in its official capacity only.

16.  (Omitted).

17.  In 2002 South Carolina enacted South Carolina Code Sec. 59-1-460, "Excused School Attendance For Religious Instruction," which provides:

_____

(A) The school district board of trustees may adopt a policy that authorizes a student to be excused from school to attend a class in religious instruction conducted by a private entity if:

(1) the student's parent or guardian gives written consent;

(2) the sponsoring entity maintains attendance records and makes them available to the public school the student attends;

(3) transportation to and from the place of instruction, including transportation for students with disabilities, is the complete responsibility of the sponsoring entity, parent, or guardian;

(4) the sponsoring entity makes provisions for and assumes liability for the student who is excused; and

(5) no public funds are expended and no public school personnel are involved in providing the religious instruction.

(B) It is the responsibility of a participating student to make up any missed schoolwork. However, no student may be released from a core academic subject class to attend a religious instruction class. While in attendance in a religious instruction class pursuant to this section, a student is not considered to be absent from school.

18.  In 2006 the State of South Carolina enacted Senate Bill S-148, the "South Carolina Released Time Credit Act," which provides:

_____

Whereas, the South Carolina General Assembly finds that:

(1)  The free exercise of religion is an inherent, fundamental, and inalienable right secured by the First Amendment to the United States Constitution.

(2)  The free exercise of religion is important to the intellectual, moral, ethical and civic development of students in South Carolina, and that any such exercise must be conducted in a constitutionally appropriate manner.

(3)  The United States Supreme Court, in its decision, *Zorach v. Clausen*, 343 U.S. 306 (1952), upheld the constitutionality of released time programs for religious instruction during the school day if the programs take place away from school grounds, school officials do not promote attendance at religious classes, and solicitation of students to attend is not done at the expense of public schools.

(4)  The federal Constitution and state law allow the state's school districts to offer religious released time education for the benefit of the state's public school students.

(5)  The purpose of this act is to incorporate a constitutionally acceptable method of allowing school districts to award the state's public high school students elective Carnegie unit credits[2] for classes in religious instruction taken during the school day in released time programs, because the absence of an ability to award such credits has essentially eliminated the school districts' ability to accommodate parents' and students' desires to participate in released time programs.

_____

[2]  [A "Carnegie unit" is a South Carolina public school academic credit unit.]

Now, therefore, Be it enacted by the General Assembly of the State of South Carolina:

SECTION 1.  This Act may be cited as the "South Carolina Released Time Credit Act".

SECTION 2.[3] (A) A school district board of trustees may award high school students no more than two elective Carnegie units for the completion of released time classes in religious instruction as specified in Section 59-1-460 if:

(1) for the purpose of awarding elective Carnegie units, the released time classes in religious instruction are evaluated on the basis of purely secular criteria that are substantially the same criteria used to evaluate similar classes at established private high schools for the purpose of determining whether a student transferring to a public high school from a private high school will be awarded elective Carnegie units for such classes.   However, any criteria that released time classes must be taken at an accredited private school is not applicable for the purpose of awarding Carnegie unit credits for released time classes;  and

(2) the decision to award elective Carnegie units is neutral as to, and does not involve any test for, religious content or denominational affiliation.

(B) For the purpose of subsection (A)(1), secular criteria may include, but are not limited to, the following:

(1) number of hours of classroom instruction time;

(2) review of the course syllabus which reflects the course requirements and materials used;

(3) methods of assessment used in the course; and

(4) whether the course was taught by a certified teacher.

---

3 [The remainder of this statute, except for its severability clause, is codified at South Carolina Code Sec. 59-39-112.]

**Severability clause**

SECTION 3.  If any section, subsection, paragraph, subparagraph, sentence, clause, phrase or word of this act is for any reason held to be unconstitutional or invalid, such holding shall not affect the constitutionality of validity of the remaining portions of this act, the General Assembly hereby declaring that it would have passed this act, and each and every section, subsection, paragraph, subparagraph, sentence, clause, phrase or word thereof, irrespective of the fact that any one or more other, subsections, paragraphs, subparagraphs, sentences, clauses, phrases or words thereof may be declared to be unconstitutional, invalid, or otherwise ineffective.

_____

19.  Spartanburg High School is one of the schools governed by defendant. It is the only high school under defendant's governance.

20.  SCBEST had previously offered substantially similar evangelical, proselytizing and sectarian released time religious education at Spartanburg High School but ceased to do so several years ago because of lack of interest in its offering.

21.  On January 9, 2007, defendant took this action.

_____

**D.  Approval of Released Time (SCBEST).** Mr. Tillotson [a trustee of defendant] brought forth a motion from the Instructional Services Committee to allow the high school to offer its students elective credit for off-campus religious education and for the district to adopt the SC State Law S-148: Released Time for High School Credit as its model.  The off-campus classes will be provided through Spartanburg County Bible Education In School Time (SCBEST), formerly known as Spartanburg County Release[d] Time.  Mr. Drew Martin will head up the SCBEST initiative for the district. Additionally, Mr. Tillotson informed the board that the district would adopt a released time policy in accordance with board guidelines.  All board members were in favor of the motion to offer the release-time credit and to adopt SC State law S[enate Bill]-148.

_____

22.  On February 6, 2007, Defendant approved the Policy "Released Time For Religious Instruction" on first reading.

23.  On March 6, 2007, Defendant approved the Policy.  The Policy provides:

_____

**RELEASED TIME FOR RELIGIOUS INSTRUCTION.** *Code* **JHCB** *Issued* **3/07.**

Purpose:  To establish the basic structure for released time for students for religious instruction.

The board will release students in grades seven through twelve from school, at the written request of their parent/legal guardian, for the purpose of religious instruction for a portion of the day.  The school will consider this part of the school day.

The Board will not allow the student to miss required instructional time for the purpose of religious instruction.  Any absences for this purpose must be during a student's non-instructional or elective periods of the school day.

When approving the release of students for religious instruction, the board assumes no responsibility for the program or liability for the students involved.  Its attitude will be one of cooperation with the various sponsoring groups of the school district.

The sponsoring group or the student's parent/legal guardian is completely responsible for transportation to and from the place of instruction.  The district assumes no responsibility or liability for such transportation.

Religious instruction must take place away from school property and at a regularly designated location.

District officials will insure that no public funds will be expended to support a released time program and that district staff and faculty will not promote or discourage participation by district students in a released time program.

**Elective credit**

The district will accept no more than two elective Carnegie unit credits for religious instruction taken during the school day in accordance with this policy.  The district will evaluate the classes on the basis of purely secular criteria prior to accepting credit.  The district will accept off campus transfer of credit for release time classes with prior approval.

Adopted 3/07

Legal references:

A.  S.C. Code of Laws, 1976, as amended:

>    1.  Section 59-1-460 - South Carolina Released Time for Religious
>        Education Act.
>
>    2. Section 59-39-112 - South Carolina Released Time Credit Act.
>        _____

24.   Defendant knew prior to adopting the Policy that SCBEST intended to teach and would teach, and knows that SCBEST has since taught, an evangelical and sectarian and proselytizing course of religious instruction that pursues one or more of these and similar objectives:

a. to teach the students the meaning of Christ's Resurrection in their lives;

b. to teach the students how a Christian should think through various contemporary issues;

c. to give the students the opportunity to accept Jesus as their Lord and Saviour;

d. to teach the students how they ought to live on account of the Bible and the basic tenets of the Christian faith;

e. to be taught for the first year by a teacher who had become a Minister of the Gospel so that he could teach the released time course;

f. to be intended to help students cultivate a Biblical worldview; and

g. to teach students to use the course material in bearing faithful witness to the Christian Gospel, using a curriculum that was deliberately structured to help the student develop a Christian worldview.

25.   The released time course has been taught as described above for the 2007-08 and 2008-09 academic years and upon information and belief will continue to be so taught until declared unlawful by this Court.  Defendant approved SCBEST to offer its course before the Policy was enacted.  Defendant ratified that approval by allowing SCBEST to continue to offer the course after the Policy was enacted.  Defendant's approval and ratification was done only and solely with the religious intent and purpose of providing proselytizing, sectarian and evangelical religious released time education courses for students attending Spartanburg High School.  SCBEST has used in the past and upon information and belief will continue in the future to use unaccredited teachers for its religious released time education class.

26.   Defendant has delegated to SCBEST an unconstrained power to discriminate among students and adjust their academic grade based on SCBEST's perception of the student's religious status or progress or lack thereof.

27.   Defendant has delegated to SCBEST the power to perform the governmental function of granting public school grades.

28.   The released time course as forecast and as implemented by defendant could not be taught in a public high school or using public funds because to do so would violate the Establishment Clause of the United States Constitution.  It is distinctly different from the non-sectarian, non-evangelical, non-proselytizing course allowed to be taught in South Carolina public schools by South Carolina Code Sec. 59-29-230, "Old and New Testament era courses."

29.   South Carolina State Board of Education Regulation R 43-273, effective December 26, 2003, Transfers and withdrawals ("Transfer Regulations") provides in part:

_____

Grades 9-12:

Transfer of Students

. . .  2.  Units earned by a student in an accredited high school of this state or in a school of another state which is accredited under the regulations of the board of education of that state, or the appropriate regional accrediting agency (New England Association of Colleges and Schools, Middle States Association of Colleges and Schools, Southern Association of Colleges and Schools, North Central Association of Colleges and Schools, Western Association of Colleges and Schools, and the Northwest Association of Colleges and Schools), will be accepted under the same value which would apply to students in the school to which they transferred.

3.  If a student transfers from a school, which is not accredited, he or she shall be given tests to evaluate prior academic work and/or be given a tentative assignment in classes for a probationary period.

_____

30.  Defendant is required by South Carolina law to apply the Transfer Regulations when deciding whether to grant academic credit for released time religious education.

31.  SCBEST is not an accredited high school within the meaning of the Transfer Regulations.

32.  Paragraph 3 of the Transfer Regulations controls the granting of academic credit for public high school grades for the SCBEST course and all other courses taught by unaccredited schools.

33.  Application of the requirement of Paragraph 3 of the Transfer Regulations that a student "shall be given tests to evaluate prior academic work" would require defendant to assess the religious content of a released time religious instruction course for which academic transfer credit was sought, in violation of the Establishment Clause of the First Amendment to the United States Constitution.

34.  The requirement of Paragraph 3 of the Transfer Regulations that the student "be given a tentative assignment in classes for a probationary period"

cannot be implemented as to the SCBEST course because no such course may be taught in a public high school.

35.  Defendant and SCBEST and Oakbrook Preparatory School (Oakbrook), a private religious school located in Spartanburg, South Carolina, which is accredited within the meaning of the Transfer Regulations, have arranged for the grade assigned to released time students by SCBEST to be reported to defendant by Oakbrook as if it were an Oakbrook grade.  Upon information and belief there is little or no formal or substantive educational connection between Oakbrook Preparatory School and SCBEST.

36.  Upon information and belief:

(a)  the grades submitted by Oakbrook to defendant are treated by defendant as coming from Oakbrook and not from SCBEST and without further inquiry they are entered upon the student's official transcript and credited as satisfying an elective requirement and used to compute grade point averages;

(b)  in so doing Defendant ignores its knowledge that the SCBEST course is a sectarian and proselytizing and evangelical course and a course which could not be constitutionally taught in any public school in the United States and a course subject to Paragraph 3 of the Transfer Regulations; and

(c)  other unaccredited schools subject to application of Paragraph 3 of the Transfer Regulations are not allowed by defendant to have their grades transferred as coming from an accredited private school.

37.  Upon information and belief the arrangement to have the SCBEST grade reported as if it were an Oakbrook grade was made and has been implemented with a purpose to evade, for the purpose of favoring sectarian, evangelical and proselytizing religious release time educational courses, the matters set forth in Paragraphs 29 through 36, above.

38.  By its implementation of the Policy defendant has substantially aided SCBEST in the fulfillment of its religious mission.

39.  The persons within defendant's jurisdiction are, upon information and belief, very predominately religious; within that group predominately Christian; and within that group significantly evangelical, proselytizing and sectarian.

13

First Claim:  Violation of Establishment Clause

40.  All preceding allegations are incorporated by reference.

41.  Defendant's implementation of its Policy

(a)  has advanced and preferred and endorsed religion,

(b)  has been done with a purpose to aid religion,

(c)  has had the effect of aiding religion, and

(d)  has excessively entangled defendant in religion,

all in violation of the Establishment Clause of the First Amendment to the United States Constitution.

Second Claim:  Violation of Equal Protection Clause

42.  All preceding allegations are incorporated by reference.

43.  Defendant has arbitrarily discriminated between persons similarly situated by allowing SCBEST to discriminate among students for religious reasons by adjusting their academic grade based on SCBEST's perception of the student's religious status or progress or lack thereof, and by not allowing unaccredited schools other than SCBEST to have their grades transferred as coming from an accredited private school.

ACCORDINGLY, plaintiffs respectfully pray that the Court issue its Judgment declaring that defendant's practice of granting public school academic credit for proselytizing, evangelical and sectarian religious released time education courses is unconstitutional, and that they have and recover nominal damages of one dollar ($1.00) each, their costs, expenses, reasonable counsel fees and other relief as merited.

Respectfully submitted, June 14, 2010.

s/ Aaron J. Kozloski
D.S.C. Bar. No. 9510
Capitol Counsel, L.L.C.
P.O. Box 1996
Lexington, SC 29071
Phone 803-748-1320
Fax 888-513-6021
Mobile 803-465-1400

Tel:  803-748-1320
Fax:  8-3-255-7074
Aaron@capitolcounsel.us

George Daly
(*pro hac vice*)
139 Altondale Avenue
Charlotte  N.C.  28207
Tel:  704-333-5196
Gdaly1@bellsouth.net
N.C. Bar No. 1071

Attorneys for Plaintiffs