IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robert Moss and Melissa Moss; | ) |
| | ) |
| Ellen Tillett, individually and as general guardian of her minor child; and | ) |
| | ) |
| Freedom From Religion Foundation, Inc., a Wisconsin non-profit corporation, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 7:09-cv-1586-HMH |
| | ) |
| Spartanburg County School District No. 7, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

In Answer to Plaintiffs' Third Amended Complaint of June 14, 2010 [Dkt. 57], in the above-captioned matter, Defendant Spartanburg County School District No. 7 ("School District") denies all allegations in the Third Amended Complaint not specifically admitted, modified or explained herein, and further answers specifically the allegations contained in the numbered paragraphs of the Third Amended Complaint as follows:

**FOR A FIRST DEFENSE**

1.     Defendant states that paragraph 1 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant denies that it has violated the Establishment Clause or the Equal Protection Clause. Defendant would further allege and show that Plaintiffs' Equal Protection Clause claim has been dismissed by Order of the Court dated December 17, 2009 [Dkt. 39]. Defendant denies the remaining allegations in

paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Defendant states that paragraph 2 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant denies that it has deprived Plaintiffs of any constitutional rights or protections and that Plaintiffs are entitled to any relief pursuant to 42 U.S.C. § 1983, and therefore denies that it is liable for attorney's fees under 42 U.S.C. § 1988. Defendant denies the remaining allegations in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Defendant states that paragraph 3 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant denies that Plaintiffs are entitled to any relief pursuant to 28 U.S.C. 2201. Defendant denies the remaining allegations in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Defendant states that paragraph 4 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant denies the allegations in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Defendant states that paragraph 5 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant admits that it operates public schools within the Spartanburg Division of the District of South Carolina. Defendant denies the remaining allegations in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. In response to the allegations of paragraph 6, Defendant admits that Spartanburg High School is a public high school operated by Spartanburg County School District No. 7.

Defendant further admits, upon information and belief, that Plaintiff Robert Moss is the parent of Plaintiff Melissa Moss, and that Plaintiffs Robert Moss, Melissa Moss, and Ellen Tillet are adult citizens and residents of Spartanburg County, South Carolina.  Defendant further admits, upon information and belief, that Plaintiff Ellen Tillett is the parent of a child that was enrolled in the eleventh grade at Spartanburg High School for the 2009-2010 academic year.  Defendant denies the remaining allegations in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7.     Defendant denies the allegations of paragraph 7 and demands strict proof thereof.

8.     In response to the allegations of paragraph 8, Defendant would allege and show that Plaintiffs' Equal Protection Clause claim has been dismissed by Order of the Court dated December 17, 2009 [Dkt. 39].  Defendant denies the remaining allegations in paragraph 8 and demands strict proof thereof.

9.     Defendant denies the allegations of paragraph 9 and demands strict proof thereof.

9(a).     Defendant denies the allegations of paragraph 9(a) for lack of knowledge or information sufficient to form a belief as to their truth.

9(b).     In response to the allegations of paragraph 9(b), Defendant admits that the published minutes of the regular meeting of the School District's Board of Trustees held on March 6, 2007, reflect that Ms. Heidi Moss offered public comments at that meeting regarding the School District's adoption of its released time religious instruction policy.  Defendant refers the Court to the published minutes of this meeting and denies any and all allegations inconsistent therewith.  Defendant denies, upon information and belief, that either Plaintiff Robert Moss, Plaintiff Melissa Moss, or Plaintiff Ellen Tillett have ever made any public comments at any Board meeting concerning the adoption of its released time religious instruction policy.

Defendant denies the remaining allegations in paragraph 9(b) for lack of knowledge or information sufficient to form a belief as to their truth.

9(c).  Defendant denies the allegations in paragraph 9(c) for lack of knowledge or information sufficient to form a belief as to their truth.

10.  Defendant denies the allegations of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11.  In response to the allegations of paragraph 11, Defendant admits that S.C. CODE ANN. § 59-149-50(A) provides, in part, "To be eligible for a LIFE scholarship, . . . the student must have graduated from high school with a minimum of a 3.0 cumulative grade average on a 4.0 scale and have scored 1100 or better on the Scholastic Aptitude Test (SAT)."  Defendant refers the Court to S.C. CODE ANN. § 59-149-10, et seq., for all terms and provisions of South Carolina's LIFE scholarship and denies any and all allegations inconsistent therewith.  Defendant denies the remaining allegations in paragraph 11 and demands strict proof thereof.

12.  Defendant denies the allegation of paragraph 12.

13.  In response to the allegations of paragraph 13, Defendant denies that it expends public funds in allowing released time religious instruction.  Defendant denies the remaining allegations of paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14.  Defendant denies the allegations of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15.  Defendant admits the allegations of paragraph 15.

16.  Plaintiffs have omitted paragraph 16 of their Third Amended Complaint.

17.  Defendant states that paragraph 17 contains conclusions of law to which

4

Defendant is not required to plead. To the extent an answer is deemed required, Defendant admits that South Carolina has enacted S.C. CODE ANN. § 59-1-460, "Excused school attendance for religious instruction." Defendant refers the Court to the statute for its terms and provisions, and denies any and all allegations inconsistent therewith.

18.     Defendant states that paragraph 18 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant admits that South Carolina has enacted S.C. CODE ANN. § 59-39-112, the "South Carolina Released Time Credit Act." Defendant refers the Court to the Act for its terms and provisions, and denies any and all allegations inconsistent therewith.

19.     In response to the allegations of paragraph 19, Defendant admits that Spartanburg High School is one of the schools operated by the School District, and it is the only high school operated by the School District. Defendant denies the remaining allegations in paragraph 19.

20.     In response to the allegations of paragraph 20, Defendant admits that SCBEST previously offered released time courses to Spartanburg High School students and ceased to do so prior to the passage of 2006 S.C. ACTS 322. Defendant denies the remaining allegations in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21.     In response to the allegations of paragraph 21, Defendant admits that the published minutes of the regular meeting of the School District's Board of Trustees held on January 9, 2007, reflect that the Board took certain action relating to the adoption of a released time religious instruction policy. Defendant refers the Court to the published minutes of this meeting and denies any allegations inconsistent therewith.

22.     In response to the allegations of paragraph 22, Defendant admits that the published minutes of the regular meeting of the School District's Board of Trustees held on

February 6, 2007, reflect that the Board took certain action relating to the adoption of a released time religious instruction policy.  Defendant refers the Court to the published minutes of this meeting and denies any allegations inconsistent therewith.

23. In response to the allegations of paragraph 23, Defendant admits that the published minutes of the regular meeting of the School District's Board of Trustees held on March 6, 2007, reflect that the Board took certain action relating to the adoption of a released time religious instruction policy.  Defendant refers the Court to the published minutes of this meeting and denies any allegations inconsistent therewith.  Defendant further admits that it has adopted a policy entitled "Released Time for Religious Instruction," Code JHCB, issued March 2007 ("Released Time Policy").  Defendant refers the Court to the Released Time Policy for its terms and provisions, and denies any allegations inconsistent therewith.

24. Defendant denies the allegations of paragraph 24.

25. In response to the allegations of paragraph 25, Defendant admits that during the 2007–08 and 2008–09 academic years, some Spartanburg High School students elected to enroll in a course offered pursuant to the School District's Released Time Policy and taught by SCBEST.  Defendant also admits that during the current academic year, some Spartanburg High School students elected to enroll in a course offered pursuant to the School District's Released Time Policy and taught by SCBEST.  Defendant denies the remaining allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant states that paragraph 28 contains conclusions of law to which Defendant is not required to plead.  To the extent an answer is deemed required, Defendant

admits that S.C. CODE ANN. § 59-29-230 authorizes Defendant to offer elective courses teaching the history and literature of the Old Testament and New Testament eras. Defendant refers the Court to the statute for its terms and provisions and denies any and all allegations inconsistent therewith. Defendant denies the remaining allegations of paragraph 28.

29. Defendant states that paragraph 29 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant admits that the South Carolina Board of Education has promulgated Regulation 43-273, entitled "Transfers and Withdrawals." Defendant refers the Court to the regulation for its terms and provisions, and denies any and all allegations inconsistent therewith.

30. Defendant states that paragraph 30 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant refers the Court to S.C. CODE ANN. § 59-39-112 and Regulation 43-273 for their terms and provisions, and denies any and all allegations inconsistent therewith.

31. Defendant states that paragraph 31 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant refers the Court to Regulation 43-273 for its terms and provisions, and denies any and all allegations inconsistent therewith.

32. Defendant states that paragraph 32 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant refers the Court to S.C. CODE ANN. § 59-39-112 and Regulation 43-273 for their terms and provisions, and denies any and all allegations inconsistent therewith.

33. Defendant states that paragraph 33 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant refers

the Court to S.C. CODE ANN. § 59-39-112 and Regulation 43-273 for their terms and provisions, and denies any and all allegations inconsistent therewith.

34.     Defendant states that paragraph 34 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant refers the Court to S.C. CODE ANN. § 59-39-112 and Regulation 43-273 for their terms and provisions, and denies any and all allegations inconsistent therewith.

35.     Defendant states that paragraph 35 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant refers the Court to Regulation 43-273 for its terms and provisions, and denies any and all allegations inconsistent therewith. Defendant admits that Oakbrook Preparatory School is a private school located in Spartanburg, South Carolina. Defendant admits that it has received from Oakbrook Preparatory School grades of Spartanburg High School students who have elected to enroll in a course offered pursuant to the School District's Released Time Policy and taught by SCBEST. Defendant denies the remaining allegations of paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36(a).     In response to the allegations of paragraph 36(a), Defendant admits that students have been awarded elective credit for completing a course offered under the School District's Released Time Policy. Defendant admits that such elective credits have been entered on those students' official transcripts and factored into those students' grade point averages. Defendant denies the remaining allegations in paragraph 36(a).

36(b).     Defendant denies the allegations of paragraph 36(b).

36(c).     Defendant denies the allegations of paragraph 36(c).

37.     Defendant denies the allegations of paragraph 37.

38. Defendant states that paragraph 38 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant denies the allegations.

39. Defendant denies the allegations in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. In response to the allegations of paragraph 40, Defendant incorporates and reiterates its responses to the preceding allegations.

41. Defendant states that paragraph 41 contains conclusions of law to which Defendant is not required to plead. To the extent an answer is deemed required, Defendant denies the allegations.

42. In response to the allegations of paragraph 42, Defendant incorporates and reiterates its responses to the preceding allegations.

43. In response to the allegations of paragraph 43, Defendant would allege and show that Plaintiffs' Equal Protection Clause claim has been dismissed by Order of the Court dated December 17, 2009 [Dkt. 39].

## **FOR A SECOND DEFENSE**

44. Defendant incorporates and reiterates its responses to the preceding allegations.

45. Plaintiffs, individually and collectively, have failed to state, in whole or in part, a claim upon which relief can be granted, and so the Third Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, having fully answered the allegations of the Third Amended Complaint, Defendant respectfully prays for an order of this Court dismissing the Third Amended Complaint with prejudice, that Defendant be awarded costs and fees incurred in this action to the extent

allowed by law, and for such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Defendant demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/Kenneth E. Darr, Jr.
Kenneth E. Darr, Jr. (Fed. I.D. #989)
Lyles, Darr & Clark, LLP
104 N. Daniel Morgan Ave., Suite 300
Spartanburg, South Carolina 29306
kdarr@ldclaw.com
Telephone: (864) 585-4806
Facsimile: (864) 585-4810


Eric C. Rassbach (admitted *pro hac vice*)
Lori H. Windham (admitted *pro hac vice*)
Eric N. Kniffin (admitted *pro hac vice*)
The Becket Fund for Religious Liberty
3000 K St., NW, Suite 220
Washington, D.C. 20007
erassbach@becketfund.org
lwindham@becketfund.org
ekniffin@becketfund.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

Attorneys for Defendant
Spartanburg County School District No. 7

June 28, 2010
Spartanburg, South Carolina