**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

Freedom From Religion Foundation, Inc., a Wisconsin non-profit corporation,

Robert Moss and Melissa Moss; and

Ellen Tillett, individually and as general guardian of her minor child;

Plaintiffs,

v.

Spartanburg County School District No. 7,

Defendant.

Case No. 7:09-cv-1586-HMH

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' AFFIDAVITS**

Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, Defendant Spartanburg County School District No. 7 (the "District") hereby moves the Court for an Order striking Plaintiffs' Affidavits, Dkt. 71-2, 3, 4, and 5, filed along with Plaintiffs' Motion for Summary Judgment, Dkt. 71.

**INTRODUCTION**

This case concerns Plaintiffs' constitutional attack against the District's Released Time for Religious Instruction Policy (the "Policy"), and specifically its practice of accepting academic credit for released time religious education in accordance with state law. The parties have filed cross-motions for summary judgment. The relevant and material facts concerning the Policy are undisputed.

In an apparent effort to stave off summary judgment, Plaintiffs filed their *own* summary judgment motion along with self-serving affidavits from each Plaintiff containing irrelevant, unsubstantiated, and slanderous assertions that the District lacks respect and understanding for, and discriminates against, non-Christians in a shameless effort to elicit negative emotions from the Court, jury, and community against the District. These affidavits make sworn assertions that should be stricken because they contradict the affiant's own deposition testimony, set forth uncorroborated speculation and personal beliefs, are contrary to all available evidence, or are simply legally irrelevant. FRCP 56(e). These affidavits are not only misleading, they are legally insufficient to entitle Plaintiffs to summary judgment or preclude summary judgment in favor of the District.

## ARGUMENT

The challenged affidavits are inadequate as a matter of law. Federal Rule of Civil Procedure Rule 56(e) requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant is competent to testify on the matters stated." Courts may not consider insufficient affidavits when resolving a motion for summary judgment. *Catawba Indian Tribe* v. *State of S.C.*, 978 F.2d 1334, 1342 (4th Cir. 1992). The Court should therefore strike all or portions of the affidavits of Plaintiffs Robert Moss, Freedom From Religion Foundation ("FFRF"), Melissa Moss, and Ellen Tillett. The Court should also disregard any part of Plaintiffs' summary judgment memoranda (whether already filed or to be filed) that rely on these affidavits.

### I. Plaintiff Robert Moss's affidavit should be stricken because it directly contradicts his deposition testimony and because it contains legal conclusions that are contrary to the facts.

The Court should strike Plaintiff Robert Moss's affidavit for two reasons: first, it contradicts

his earlier deposition testimony in order to create a different timeline; second, it contains statements that are not based on his personal knowledge, that are merely his own conclusions and speculation rather than statements of fact, and that are not relevant or material to the issue before the Court.

First, Plaintiff Robert Moss' affidavit flatly contradicts his earlier deposition testimony about the date of his meeting with the District's Interim Superintendent and the Chairman of its Board of Trustees. It is therefore a "sham affidavit" and should be stricken.

In his affidavit, Robert Moss makes the following sworn statement:

> Later in March 2007 my wife and I met with 'Chip' Hurst, defendant's Chair, and Walter Tobin, its Acting Superintendent, concerning the Policy.
>
> Dkt. 71-2, P-Ex. 2 at ¶ 3(d).

However, his deposition, taken on July 15, 2010, says otherwise:

> Q: Well, let's move right along to that meeting with Chip Hurst —
> A: Yes.
> Q: — and Walt Tobin.
> * * *
> A: Can you be more specific as far as what do I remember about the meeting?
> Q: Sure. When did it take place?
> A: You're asking for a date again. It took place in the summer of 2007 and I cannot be more specific than that. That could be any —
> Q: So it was more than a few weeks after the Board —
> A: Yes.
> Q: — Enacted this policy in March 2007?
> A: Correct.
>
> Dkt. 79, D-Ex.G-5 (Robert Moss dep.) at 48:6–9, 48:24-49:10.

Plaintiff Robert Moss's affidavit not only contradicts his own deposition testimony, it also contradicts the deposition testimony of Chairman Hurst, who also recalled that the meeting took place in the summer of 2007. Dkt. 72-17, D-Ex. B-14 (Hurst dep.) at 18:3-5. Nothing in the record supports Plaintiffs' new claim that the meeting took place in March 2007.

The Fourth Circuit has "consistently held that a party cannot create a triable issue in opposition to summary judgment simply by contradicting his deposition testimony with a subsequent affidavit." *Hernandez* v. *Trawler Miss Vertie Mae, Inc*., 187 F.3d 432, 438 (4th Cir. 1999). A party "who has been examined at length on deposition" cannot "raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony" because "this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact. A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." *Barwick* v. *Celotex Corp*., 736 F.2d 946, 960 (4th Cir. 1984) (internal citation and quotation marks omitted). Where an affidavit conflicts with a witness's prior testimony, the affidavit should be disregarded as a sham issue of fact. *United States* v. *Charleston County*, 318 F. Supp. 2d 302, 317 (D.S.C. 2002).

Plaintiffs are not only precluded from using Robert Moss's revised testimony, they are also prohibited from leveraging his new timeline to concoct new facts. Apparently in order to advance their theory that the District was colluding with SCBEST to promote Christianity, Plaintiffs have attempted to create a factual nexus between the Mosses' meeting with the District and Plaintiffs' Ex. 40, Dkt. 71-41, which appears to be a draft letter from Dr. Tobin to Plaintiff Robert Moss and his wife. Plaintiffs use Robert Moss's sham affidavit in their summary judgment argument as follows:

> After hearing or learning of the Moss remarks at the March 7 meeting, Grayson Hartgrove of SCBEST drafted a letter defending the constitutionality of the Policy, for Dr. Tobin to sign and send to the Mosses. *Dr. Tobin and Chairman Hurst had met with the Mosses not long after the Policy was passed. (Ex. 1 ¶ 4(d).* Hartgrove's draft reached Dr. Tobin, who forwarded it to Chairman Hurst 'for your information as you formulate your letter' to the Mosses following the meeting with them. Ex. 40[]; Ex. 19 (Tobin Dep.) 55:20-57:15.

Dkt. 71-1 at 10 (emphasis added).

Just as nothing in the summary judgment record indicates that the Mosses met with Tobin and Hurst in March, nothing supports Plaintiffs' new claim that there was any connection between the meeting and Hartgrove's draft letter.

Plaintiff Robert Moss's affidavit is therefore a sham affidavit. The Court should strike his affidavit to the extent it contradicts his deposition testimony, and should strike Plaintiffs' attempt to piggyback on this sham affidavit to manufacture material issues of fact.

Second, the Court should strike Plaintiff Robert Moss's misleading statements about his "unwelcome contacts with defendant *relating to [the District's] Released Time for Religious Instruction Policy enacted in March 2007*." Dkt. 71-2, P-Ex. 1 at ¶ 3 (emphasis added). Two events allegedly "relating to" the challenged released time policy took place while his daughter was in elementary[1] or middle school,[2] well before the policy was enacted. *Id.* at ¶ 3(a), (c). Robert Moss also asserts, also without any explanation, that a 2009 high school orchestra concert is "related to" the District's released time policy. *Id*. at ¶ 4(b). These events are plainly unrelated to the District's released time policy, and the Court should strike Plaintiff Robert Moss's attempt to change that fact just by saying so.

Finally, Robert Moss's affidavit colors these "unwelcome contacts" with self-serving statements that are not based on personal knowledge and are irrelevant to the issues before the Court. His belief about what was "clear to both adults, and I believe to children in the audience," is wholly speculative. *Id*. at ¶ 3(c). Whether his daughter "reports 'not feeling at home' in the Spartanburg community" is likewise irrelevant. *Id*. at ¶ 3(f).

---

[1] The District's released time Policy does not apply to elementary school students.

[2] Junior high school students are not eligible to receive credit for released time education under the Policy or the Released Time Credit Act.

These self-serving statements may be related to Robert Moss's personal belief that Spartanburg and the District are "pro-Christian," but they are not probative of whether the District's Policy is unconstitutional.[3] His "unsubstantiated assertion[s]" are "no substitute for specific facts showing genuine issue of material fact." *Marshall* v. *E. Carroll Parish Hosp. Serv. Dist*., 134 F.3d 319, 324 (5th Cir. 1998). The Court may strike portions of affidavits that rest upon conclusory statements. *Evans* v. *Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996). The Court does not abuse its discretion by striking portions of a party's affidavit consisting of irrelevant, conclusory statements or self-serving opinions without objective corroboration. *Fuller* v. *County of Charleston*, 444 F. Supp. 2d 494, 499 (D.S.C. 2006). The Court should therefore strike and disregard these conclusory, uncorroborated, and irrelevant statements of paragraphs 3(a), (b), (c), and (f) of Plaintiff Robert Moss's affidavit.

**II. Plaintiff FFRF's affidavit should be stricken because its assertions are legally irrelevant.**

Plaintiff FFRF's affidavit, which is signed by its Co-President, Annie Laurie Gaylor,[4] should be stricken because it is legally insufficient to accomplish its only ostensible purpose: to shore up FFRF's standing. Dkt. 71-5, P-Ex. 4 (cited at Dkt. 71-1 at 2). It mostly relays information relevant only to standing arguments that are already foreclosed to FFRF, and the remaining information is only relevant if it is misunderstood.

---

[3] No constitutional significance may be attributed to the religious demographics of the District. *Pierce* v. *Sullivan W. Cent. Sch. Dist.*, 379 F.3d 56, 61 (2d Cir. 2004).

[4] The Court should also strike Ms. Gaylor's affidavit because Plaintiffs failed to identity Ms. Gaylor (or any other FFRF representative) as a witness prior to the close of discovery in response to the District's interrogatories. Dkt. 75-12, D-Ex. B-23 at 12-13. Witnesses who are not timely identified may be excluded, and a party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial. *See*, Rules 26(e) and 37(c), FRCP, and Local Civil Rule 16.02(D)(2) DSC. Plaintiffs' dilatory tactics have prejudiced the District by depriving it of the opportunity to cross-examine Ms. Gaylor. The Court should therefore exclude Ms. Gaylor as a witness and strike her affidavit.

FFRF's institutional purposes and membership statistics are legally irrelevant. It matters not whether FFRF "seeks to protect interests that are germane to its purpose as an organization," *id.* at 2, because this Court has already held that FFRF failed to plead that it has suffered a concrete injury. Dkt. 39 at 8 n.2. Likewise, it is of no consequence that FFRF "believe[s] that [its members in Spartanburg County] have standing to sue in their own right," Dkt. 71-5, P-Ex. 4 at 2, because Plaintiffs have conceded taxpayer standing, and FFRF's beliefs cannot establish that any of its members had direct contact with the Policy. Dkt. 75-13, D-Ex. B-23 (Resp. to RFP No. 8) at 28.

The affidavit's remaining claim, that "[o]ne of the plaintiffs is a member of FFRF," is also legally irrelevant because it fails to answer the crucial question: ***when?*** Dkt. 71-5, P-Ex. 4 at 2. FFRF's affidavit, like its amended complaints, Dkts. 24, 27, and 57 ¶ 14 ("One of the plaintiffs is a member of FFRF"), and its response to Plaintiffs' first motion to dismiss, Dkt. 30 at 15-16 ("[FFRF] has alleged that one of the plaintiffs is a member of it"), intentionally skirt around this question. That is because the answer reveals that no individual plaintiff was a member of FFRF when the Complaint was filed. Dkt. 72-1 at 14. That one of the Plaintiffs became a member on September 10, 2009, well after the Complaint was filed, is legally irrelevant because "[w]hether a plaintiff has standing is determined by considering the relevant facts as they existed at the time the action was commenced." Dkt. 76-14, D-Ex. D at 310 (*Republic Bank & Trust Co*. v. *Kucan*, 245 Fed. Appx. 308 (4th Cir. 2007) (unpub.) (citing *Friends of the Earth, Inc*. v. *Laidlaw Envtl. Servs*., 528 U.S. 167, 180 2000)).

A fact is not admissible if it is not relevant, FED. R. EVID. 402, and a fact is not relevant if it does not "hav[e] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

evidence," FED. R. EVID. 401. Plaintiff FFRF's affidavit fails this test. The Court should therefore strike it and disregard any part of Plaintiff's summary judgment briefs that rely on it.

**III. Plaintiff Melissa Moss's affidavit should be stricken because it contains self-serving opinions without objective corroboration.**

Plaintiff Melissa Moss's affidavit, Dkt. 71-3, P-Ex. 2, like her father's, is deficient because it advances statements that are not based on her personal knowledge, are merely her own conclusions and speculation rather than statements of fact, and are not relevant or material to the issue before the Court.

First, Melissa Moss vaguely speculates "to the best of [her] knowledge" that she was one of two students at Spartanburg High School of her "religious persuasion", and "as far as [she] know[s]" there were no teachers or administrators of her "religious persuasion." *Id*. at ¶ 3. These bald assertions are not supported by any evidence,[5] nor are they relevant to any claim before the Court. Similar to her father's statements, these assertions are blatantly intended to accomplish nothing more than imply that the District discriminates against non-Christians, which it does not. The facts of an affidavit must be stated positively and not merely as a matter of belief, and allegations to the best of the affiant's knowledge and belief are generally regarded as insufficient. Melissa Moss's statements in paragraph 3 of her affidavit do not satisfy the requirements of Rule 56 and should be stricken and disregarded by the Court.

Second, Plaintiff Melissa Moss's affidavit, like her father's, attempts to convince the Court she has unwelcome contacts with the Policy by loading the record with irrelevant events that Plaintiffs believe show that the District has promoted Christianity on *other* occasions and furthers Plaintiffs' slanderous implications that the District discriminates against non-Christians. Paragraphs 4 and 5 of Plaintiff Melissa Moss's affidavit contain one such attempt:

[5] The District does not discriminate based on religion or any other basis. It does not inquire about or keep records concerning the religious preferences of its students or staff.

> During my Senior year I was entitled, as a Senior, to park in a special parking lot, but at a cost of about ten dollars extra per month. I or my parents paid the extra fee, in part because I wanted to avoid having to pass by See You At The Pole, a Christian meeting at the school flagpole held before school starts every few weeks.
>
> During my Senior year there were several general assemblies, either for the whole school or for the seniors. To the best of my recollection, at the assemblies for Veterans' Day and for Black History Month there was a speaker who mentioned Christian themes and supported Christianity. At Graduation a student delivered a Christian prayer. At Senior Recognition Day a speaker mentioned Christianity a couple of times. When I was a freshman, sophomore and junior the assemblies were similar and usually included Christian prayer or positive references to Christianity. These events also contributed to my feeling of being an outside[r] at the school.

Dkt. 71-3 at ¶ 4, 5.

Melissa Moss's "recollection" is not only unrelated to the Policy, it is simply inaccurate and finds no support outside of her own self-serving affidavit. *See* Dkt. 80-9, D-Ex. I[6] (Stevens Decl.). Plaintiffs' summary judgment brief, citing only this portion of Plaintiff Melissa Moss's affidavit, seeks to convince the Court that Spartanburg High School "features numerous symbolic celebrations of Christianity." Dkt. 71-1 at 18.

Third, Melissa Moss offers the Court her legal conclusion that she "believes" the District's "practice of giving academic credit for the SCBEST is unconstitutional." Dkt. 71-3, P-Ex. 2 at ¶ 7. Similar to FFRF's affidavit, Melissa Moss's uncorroborated, subjective and conclusory belief that the Policy is unconstitutional is completely irrelevant and is insufficient to prove or create a genuine issue of material fact as to the ultimate issue to be decided by the Court.

Affidavits cannot be based on self-serving, conclusory opinions without objective corroboration. *Evans*, 80 F.3d at 962. Furthermore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Jeri M. Suber Credit Shelter Trust* v. *State Auto*

---

[6] Through his declaration, Mr. Stevens, the principal of Spartanburg High School, provides concrete evidence that the assemblies identified by Melissa Moss did not contain Christian themes or support Christianity. He also provides evidence that See You at the Pole is an annual event and does not occur "every few weeks."

*Property & Cas. Ins. Cos.*, 2009 WL 4730630, 1 (D.S.C. 2009) (quoting *Beale* v. *Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). Because Plaintiff Melissa Moss's affidavit is self-serving, is void of objective corroboration, and is contradicted by deposition testimony and documentary evidence, the Court should strike both it and any part of Plaintiffs' summary judgment brief that relies on it.

**IV. Plaintiff Ellen Tillett's affidavit should be stricken because it contains self-serving opinions without objective corroboration.**

As with both Moss affidavits, Plaintiff Ellen Tillett's affidavit, Dkt. 71-4, P-Ex. 3, is deficient because it consists of statements that are not based on her personal knowledge, that are merely her own conclusions and speculation rather than statements of fact, and that are not relevant or material to the issue before the Court.

First, Plaintiff Tillett baldly asserts that the District "harms every student" because it lacks respect and understanding for different faiths and creates a "cycle of intolerance." *Id*. at ¶ 3. Consistent with Plaintiffs' tactics, these self-serving opinions are irrelevant to whether the Policy is constitutional, are completely unsupported by the record, and have been injected only to cloud the record. These non-probative, uncorroborated inflammatory accusations are prejudicial, fail to satisfy the affidavit requirements of Rule 56(e), and should therefore be stricken.

Second, Plaintiff Ellen Tillett incorrectly speculates that the "grades awarded by SCBEST" are "accorded the same weight as other electives." *Id*. at ¶ 3. Her conclusion is contrary to undisputed evidence that electives may be eligible for college preparatory, honors, advanced placement, or dual credit weighting. *See* Dkt. 73-7, D-Ex. B-5; *see also* Dkt. 80-10, D-Ex. J (Wolfe Decl.). This factually incorrect and conclusory statement is misleading and should be stricken.

Third, Ellen Tillett also offers the Court her legal conclusion that she "believes" the District's "practice of giving academic credit for the SCBEST is unconstitutional." Dkt. 71-4, P-Ex. E at ¶ 7. Similar to the affidavits of FFRF and Melissa Moss, Plaintiff Ellen Tillett's uncorroborated, subjective and conclusory belief that the Policy is unconstitutional is completely irrelevant and is insufficient to prove or create a genuine issue of material fact as to the ultimate issue to be decided by the Court.

**CONCLUSION**

For all the above reasons, Defendant's motion to strike Plaintiffs' affidavits should be granted, and the Court should disregard any part of Plaintiffs' summary judgment memoranda (either filed or to be filed) that rely on these suspect affidavits.

Respectfully submitted,

/s/Kenneth E. Darr, Jr.
Kenneth E. Darr, Jr. (Fed. I.D. #989)
Lyles, Darr & Clark, LLP
104 N. Daniel Morgan Ave., Suite 300
Spartanburg, South Carolina 29306
kdarr@ldclaw.com
Telephone: (864) 585-4806
Facsimile: (864) 585-4810

Eric C. Rassbach (admitted pro hac vice)
Lori H. Windham (admitted pro hac vice)
Eric N. Kniffin (admitted pro hac vice)
The Becket Fund for Religious Liberty
3000 K St. NW, Suite 220
Washington, DC 20036
erassbach@becketfund.org
lwindham@becketfund.org
ekniffin@becketfund.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

Attorneys for Defendant
Spartanburg County School District No. 7

December 6, 2010
Spartanburg, South Carolina