# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

|  |  |
|---|---|
| Freedom From Religion Foundation, Inc., a Wisconsin non-profit corporation, | ) ) ) |
| Robert Moss and Melissa Moss; and | ) ) ) |
| Ellen Tillett, individually and as general guardian of her minor child; | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )   Case No. 7:09-cv-1586-HMH ) |
| Spartanburg County School District No. 7, | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S MOTION TO STRIKE INADMISSABLE EVIDENCE
## FROM PLAINTIFFS' SUMMARY JUDGMENT MEMORANDUM

In seeking summary judgment, and at the same time opposing Defendant Spartanburg County School District No. 7's (the "District") summary judgment motion, Plaintiffs have resorted to baseless assertions and argumentation, relying on documents that are not part of the summary judgment record, citing inadmissible hearsay, and grossly distorting selective quotes from deposition testimony. The fruit of these distortions is inadmissible evidence, which cannot be used to prevail on, or stave off, summary judgment. The Court should therefore strike all offending statements and disregard all portions of Plaintiffs' summary judgment briefs (whether in support of or in opposition to summary judgment) that rely on them.

## STANDARD OF REVIEW

Summary judgment is designed to isolate and dispose of factually unsupported claims or defenses. *Carr* v. *Deeds*, 453 F.3d 593, 605 (4th Cir. 2006) (citing *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323–24 (1986). A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Jeri M. Suber Credit Shelter Trust* v. *State Auto Property and Cas. Ins. Companies*, 2009 WL 4730630, 1 (D.S.C. 2009) (quoting *Beale* v. *Hardy,* 769 F.2d 213, 214 (4th Cir. 1985)). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Id*. (quoting *Ennis* v. *National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995)). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic argumentation are no substitute for specific facts showing a genuine issue of material fact. *Marshall* v. *East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998). "Rule 56(e) requires the adversary to set forth facts that would be admissible in evidence at trial. Material that is inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless." *Gell* v. *Town of Aulander*, 252 F.R.D. 297, 300 (E.D.N.C. 2008). (citing 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 2727, at 156 (1983)).

## ARGUMENT

### I. The Court should disregard Plaintiffs' "conclusory allegations, speculation, unsubstantiated assertions, and legalistic argumentations."

The Court has an "affirmative obligation . . . to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty* v. *Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323-24). Such claims are nothing more than "[m]ere unsupported speculation" or "legalistic argumentation," and cannot be used to

prevail on or a defeat a motion for summary judgment. The Court should strike all such statements.

Many assertions in Plaintiffs' memorandum stand alone as raw assertions. They are not supported by a citation to any document, and are in many instances flatly contradicted by the summary judgment record. The following statements are unsupported and should be excluded:

> ***This left uncorrected in the minds of the parents what defendant saw as misstatements in the SCBEST letter.*** **[Dkt. 71-1 at 10].**

Plaintiffs' speculation about what was "in the minds of the parents" is not supported by any citation to the summary judgment record. Furthermore, nothing in the record speaks to how parents of Spartanburg High School ("SHS") students understood the SCBEST letter.

> ***During the days after the March 6 meeting when defendant and SCBEST were at odds about the SCBEST letter, they were cooperating about another letter.*** **[Dkt. 71-1 at 10].**

Plaintiffs' entire case is premised upon their speculation that Defendant and SCBEST "were cooperating." However, Plaintiffs' speculation that Defendant and SCBEST were cooperating on any letter is not supported by any citation to the summary judgment record. Furthermore, nothing in the record supports Plaintiffs' claim that SCBEST and the District "cooperated" on any letter. To the contrary, Plaintiffs counsel suggested the word "cooperating" to SCBEST at the deposition of its representative, Drew Martin, but he rejected it:

> George Daly: Is it your feeling that in this matter . . . that Dr. Tobin was cooperating with SCBEST?
> . . .
> Drew Martin: I have no idea.

Dkt. 71-6, P-Ex. 5[1] (SCBEST dep.) at 78:22-79:3 The record reflects that SCBEST, unsolicited, sent the District a draft letter to send to the Mosses. The District objects to Plaintiffs'

---

[1] The District's motion refers to exhibits attached to Plaintiffs' summary judgment briefs as "P-Ex," and exhibits attached to its own summary judgment briefs as "D-Ex." The designation "P-Ex 1" thus correlates with Dkt. 71-2,

3

mischaracterization that it "cooperat[ed]" with SCBEST by opening its mail. The District did not send SCBEST's draft letter to the Mosses.

> ***Defendant has on occasion enforced discipline for student misbehavior during SCBEST classes.* [Dkt. 71-1 at 13].**
>
> ***Despite much discussion about the matter defendant does not have a clear or a written policy about when it will do so [enforce discipline for student misbehavior during SCBEST classes] in the future.* [Dkt. 71-1 at 13].**
>
> ***Defendant and SCBEST remain entangled about the matter of discipline.* [Dkt. 71-1 at 15].**

As evidenced by Plaintiffs' lack of any supporting citations, there is no evidence of any instance where the District disciplined a student for "misbehavior" in an SCBEST class. Dkt. 71-16, P-Ex. 15 (District 30(b)(6) dep.) at 80:21-81:1. Plaintiffs' assertion is based wholly on the inadmissible speculation of Drew Martin of SCBEST—not at all based on personal knowledge—about how "he thought defendant had disciplined" students. Dkt. 71 at 14. Plaintiffs' statements are not based on any corroborated evidence of any actual student discipline by the District for student misbehavior in an SCBEST class.

## II. The Court should disregard assertions in Plaintiffs' memorandum that are not supported by exhibits that are part of the summary judgment record.

Other portions of Plaintiffs' memorandum are ostensibly supported by *some* document, but such supporting documents have not been made part of the summary judgment record.

The summary judgment record does not include unverified exhibits, or websites merely referenced in Plaintiffs' Statement. "[A]rguments of counsel, absent any evidence such as sworn affidavits accompanying objections to a motion for summary judgment, fail to meet the evidentiary standard necessary to create a genuine issue of material fact." *Rountree* v. *Fairfax*

---

and the designation "D-Ex. A" correlates with Dkt. 72-2.

*County Sch. Bd.*, 933 F.2d 219, 223 (4th Cir. 1991) (citing *Celotex,* 477 U.S. at 324). These statements, too, should be disregarded.

Plaintiffs' summary judgment brief cites to documents from three different web sites that are not part of the summary judgment record: http:::nces.ed.gov:surveys:pss, Dkt. 71-1 at 18; **Error! Hyperlink reference not valid.**, *Id*.; and www.spartanburg7.org:about:records, *Id*. at 21, n.11. This evidence should be stricken because the web addresses and web pages referenced were not attached as authorities to the Plaintiffs' memorandum and, as such, are not part of the record. Furthermore, because these web addresses are not formatted properly, the District has not been able to verify whether the websites support the facts for which the Plaintiffs rely on them. The inability to review these websites prejudices the District. Beyond that, the evidence is irrelevant because no constitutional significance may be attributed to the religious demographics of the school district,[2] nor does this case involve any claim concerning any violation the Family Educational Rights and Privacy Act, 20 U.S.C. 1232(g).[3]

### III. The Court should disregard Plaintiffs' assertions that are supported solely by inadmissible hearsay.

Plaintiffs also improperly rely on inadmissible hearsay. Hearsay is not part of the summary judgment record. *Evans* v. *Technologies Applications & Serv*., 80 F.3d 954, 962 (4th Cir. 1996).

Plaintiffs' summary judgment brief cites to a statement allegedly made during a March 15, 2007 SCBEST board meeting: "Dr. Tobin [the superintendent] has agreed not to send a letter to all of the students who received Drew's letter as he was previously considering." Dkt. 71-40 at 2. This statement constitutes inadmissible hearsay and cannot be used. Plaintiffs attempt to use this statement to assert the truth of the matter that "SCBEST requested of Dr. Tobin that he not send

---

[2] *Pierce* v. *Sullivan West Coast Cent. Sch. Dist*., 379 F.3d 56, 61 (2d Cir. 2004).
[3] FERPA does not create a private right of action enforceable by Plaintiffs.

the letter and Dr. Tobin agreed not to send it." Dkt. 71-1 at 14. Plaintiffs have not established who had this conversation with Dr. Tobin or who relayed this request at the meeting. Troy Bridges and Grayson Hartgrove, who are listed in the minutes as attending the meeting, were both deposed by Plaintiffs in the case but did not testify that they knew from personal knowledge that the minutes were accurate, let alone that the factual assertion relied on by Plaintiffs is accurate.

## IV. The Court should disregard assertions in Plaintiffs' memorandum that materially misrepresent the summary judgment record.

Finally, the Court should be careful to distinguish between the actual summary judgment record and portions of Plaintiffs' *arguments* that materially misrepresent the summary judgment record. In particular Plaintiffs' summarizations and characterizations of the record evidence are unreliable and should therefore not be treated as accurate accounts of the summary judgment evidence.

> ***Oakbrook has not informed its accrediting agency of its relationship with SCBEST.*** **Ex. 10 (Smith Dep.) 18:22-19:7; Ex. 8 (Seay dep.) 30:13-31:2. [Dkt. 71-1 at 5].**

This statement materially misrepresents former Oakbrook School Director Steven Smith's testimony. He testified that he could not recall whether he had *spoken* to SCISA's Executive Director, Larry Watt, about its oversight of SCBEST courses. Dkt. 71-11, P-Ex. 10 (Smith dep.) at 21:21-22 ("I don't know if Larry and I had talked about it or not."). But Smith did not recall conversations with SCISA about *any* particular class. Dkt. 79-3, D-Ex. G-2 (Smith dep.) at 51:12-52:5.

Smith further testified that Oakbrook submitted SCBEST materials to SCISA as part of its regular accreditation review. *Id*. at 48:23-49:19. Smith believes that SCISA reviewed and approved all of the course material Oakbrook submitted. *Id*. at 52:6-13.

6

> ***The reason for this last-minute change was that defendant decided that the 'may award' language did not reflect that it was accepting a transfer credit rather than directly awarding a credit.*** **Ex. 14 (McDaniel Dep.) 8:19-9:25; 14:17-15:13. [Dkt. 71-1 at 9].**

The record does not support Plaintiffs' characterization of this change as "last minute." It was a regular part of the Director of Secondary Education's job "to take a look at things that are coming along and consult [with the superintendent and assistant superintendent] on implementation . . . and give any input to the assistant superintendent that might be helpful in making sure things were clear." Dkt. 75-2, D-Ex. B-12 (McDaniel dep.) at 23:15-23. There is no evidence that McDaniel had any occasion to review the language of the proposed policy until after the first reading, when the Board first suggested adopting the South Carolina School Board Association's ("SCSBA") model policy.

A more complete account of the reasons why the District modified the SCSBA model policy may be found in the District's summary judgment brief, at Dkt. 72-1, p.5.

> ***This evaluation is done by Oakbrook.*** **Ex. 15 (White Dep.) 72:2-10. [Dkt. 71-1 at 11].**

Plaintiffs' citation misrepresents the District's testimony, citing only the first half of its deposition answer to its question, "What was done to evaluate the SCBEST course?" Dkt. 71-16, P-Ex. 15 (District 30(b)(6) dep.) at 72:6-7. The sentence omitted in Plaintiffs' memorandum makes clear that the District did evaluate the SCBEST course on the basis of secular criteria: "Our evaluation regarding credit is limited to the fact that it is coming from an accredited private institution as an elective credit transfer." *Id*. at 72:10-12. This is the same secular criteria the District applies to each and every transcript presented to it by one of its students. Dkt. 79-8, D-Ex. G-7 (Wolfe dep.) at 47:2-48:24.

> ***Each August Spartanburg High has a registration at which students' schedules become available and parents are invited to visit. SCBEST has had a table at***

> *this event every year.* **Ex. 5 (Martin Dep.) 59:23-62:8; Ex. 32 (Graves Dep.) 72:3-73:25; Ex. 13 (Wolfe Dep.)13:5-13. [Dkt. 71-1 at 12].**

Plaintiffs' insistence that the August open house is a "registration" event is contradicted by two of the deposition excerpts listed "in support" of the above sentence: Dkt. 71-14, P-Ex. 13 (Wolfe dep.) at 13:10 ("Actually that is not registration."); Dkt. 71-33, P-Ex. 32 (Graves dep.) at 72:1-3 ("George Daly: First semester, September, open house is not registration, is that correct? John Wolfe: No, sir., Registration takes place second semester."). See also Dkt. 75-5, D-Ex. B-15 at Resp. to Interrog. No. 4 ("SHS does not have an August registration.").

The record also does not support Plaintiffs' claim that SCBEST has had a table at the August open house each year. Dkt. 71-6, P-Ex. 5 (SCBEST dep.) at 61:2-7 (only once); Dkt. 80-2, D-Ex. G-9 (Stevens dep.) at 14:2-4 (only once).

Finally, the record does not support Plaintiffs' implication that the District favored SCBEST over any other community organization. To the contrary, the District allowed any community organization to set up a table at its open house, including military recruiters, college representatives, boys and girls clubs, insurance representatives, AYSO soccer, community non-profits, and fund-raising organizations. Dkt. 71-33, P-Ex. 32 (Graves dep.) at 72:13-14:1, Dkt. 80-2, D-Ex. G-9 (Stevens dep.) at 13:10-14:1; Dkt. 79-7, D-Ex. G-6 (District 30(b)(6) dep.) at 92:14-24. *See also* Dkt. 71-6, P-Ex. 5 (SCBEST dep.) at 60:19-23 ("Well, we just set up a table like any outside organization would.").

## CONCLUSION

For all the above reasons, Defendant's motion to strike inadmissible evidence from Plaintiffs' summary judgment memorandum should be granted. The Court should strike the quotations from Plaintiffs' brief, 71-1, quoted above as well as any other part of Plaintiffs' brief that relies on them.

8

Respectfully submitted,

/s/Kenneth E. Darr, Jr.
Kenneth E. Darr, Jr. (Fed. I.D. #989)
Lyles, Darr & Clark, LLP
104 N. Daniel Morgan Ave., Suite 300
Spartanburg, South Carolina 29306
kdarr@ldclaw.com
Telephone: (864) 585-4806
Facsimile: (864) 585-4810


Eric C. Rassbach (admitted pro hac vice)
Lori H. Windham (admitted pro hac vice)
Eric N. Kniffin (admitted pro hac vice)
The Becket Fund for Religious Liberty
3000 K St. NW, Suite 220
Washington, DC 20036
erassbach@becketfund.org
lwindham@becketfund.org
ekniffin@becketfund.org
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

Attorneys for Defendant
Spartanburg County School District No. 7

December 6, 2010
Spartanburg, South Carolina