United States District Court
for the
District of South Carolina
Spartanburg Division

| | | |
|---|---|---|
| Robert Moss, et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:09-cv-1586:HMH |
| | ) | |
| Spartanburg County School District | ) | |
| No. 7, a South Carolina body politic | ) | |
| and corporate | ) | |
| Defendant | ) | |

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS

Pursuant to Rule 54(d), *Fed. R. Civ. P.* and Local Civil Rule 54.03 DSC plaintiff make the following Objections to Defendant's Bill of Costs (dkt. 119, filed 4/19/11) and the taxation thereof (dkt. 120, entered 4/20/11), to wit:

1.

**Pro Hac Vice Fees**
**(**Local Civil Rule 54.03(A) DSC)

Plaintiffs object to the pro hac vice fees, in the amount of $750.00. This type fee is not mentioned in Local Civil Rule 54.03(A)(1) DSC and therefore is not taxable. *See,* Local Civil Rule 54.03(A)(2)(a) DSC.

2.

**Copying Costs**
(Local Civil Rule 54.03(F) DSC)

Defendant has claimed that its costs include 1,908 copies at 20 cents per copy, for a

total of $381.60. Plaintiffs object to allowance of more than 9 cents per copy for copying cost. Charges for in-house copies may not exceed the charges of an outside print shop. *Ochana v. Flores,* 206 F. Supp. 2d 941, 946 (N.D. Ill. 2002). Counsel has within the previous few days telephoned to FedEx Office in Spartanburg and to Office Max in Spartanburg and been informed that copies may be made there for 9 cents each. Defendant has not shown that its 20 cent rate is an actual expenditure, having furnished only its internal invoice to its client and not an invoice for outside copy costs in support of its claim of 20 cents per copy cost. Clerical expenses for making copies are not taxable as costs. Local Civil Rule 54.03(F)(2)(c) DSC. The burden is on defendant to show that it is entitled to its costs. *See, Kansas Teachers Credit Union v. Mutual Guaranty Corp.,* 982 F. Supp. 1445, 1447 (D. Kan. 1997).Plaintiffs therefore object to defendant's claim of copying costs to the extent that it exceeds $171.72 (1908 copies (x) 9 cents = $171.72).

3.

**Deposition Costs**
(Local Civil Rule 54(H) DSC)

Plaintiffs object to the amounts claimed for the depositions of Plaintiffs Robert Moss ($756.20), Melissa Moss ($361.00) and Ellen Tillett ($167.20 + 410.40 + 353.40 = $931.00), for a total of $2048.20. Local Civil Rule 54.03(H) DSC allows costs only for "costs of original transcription." Defendant has claimed the cost of original transcription plus a copy. The invoice furnished by defendant does not allow a segregation to be made between the cost of the original and the cost of the copy. *See,* dkt. 119, at Ex. 3, pp. 8-9. Therefore these items of costs should be disallowed in their entirety, which is $2048.20.

4.

**Other Costs**

Defendant has claimed "Other Costs" in the amount of $112.38 for "Federal Express shipment of discovery materials to co-counsel". Nothing in the Local Rules or 28 U.S.C. 1920 allows these items to be taxed as costs. Plaintiffs object to them.

Wherefore, Plaintiffs Object to the taxation as costs of the following items:

1. Pro hac vice fees in the amount of $750.00;
2. Copying costs in the amount of $210.60;
3. Deposition costs in the amount of $2048.20;
4. Other costs in the amount of $112.38.

Respectfully submitted, May 2, 2011.

s/ Aaron J. Kozloski
D.S.C. Bar. No. 9510
Capitol Counsel, L.L.C.
P.O. Box 1996
Lexington, SC 29071
Phone 803-748-1320
Fax 888-513-6021
Mobile 803-465-1400
Aaron@capitolcounsel.us

George Daly
Admitted *pro hac vice*
139 Altondale Avenue
Charlotte NC 28207
704-333-5196
Gdaly1@bellsouth.net

Attorneys for Plaintiffs