IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robert Moss, individually and as general guardian of his minor child; Ellen Tillett, individually and as general guardian of her minor child; The Freedom From Religion Foundation, Inc.; Melissa Moss,<br><br>     Plaintiffs,<br><br>vs.<br><br>Spartanburg County School District No. 7, a South Carolina body politic and corporate,<br><br>     Defendant. | C.A. No. 7:09-1586-HMH<br><br>**OPINION AND ORDER** |

On April 5, 2011, the court granted summary judgment in favor of Defendant. Defendant subsequently filed a bill of costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, requesting Plaintiffs be taxed costs in the amount of $5,733.56. On May 3, 2011, Plaintiffs filed objections to Defendant's bill of costs.

Rule 54(d) of the Federal Rules of Civil Procedure allows the prevailing party to recover costs where authorized by statute. Pursuant to 28 U.S.C. § 1920, a court may tax the following expenses:

 (1) Fees of the clerk and marshal;

 (2) Fees for printed or electronically recorded transcripts necessarily obtained for
   use in the case;

 (3) Fees and disbursements for printing and witnesses;

 (4) Fees for exemplification and the costs of making copies of any materials
   where the copies are necessarily obtained for use in the case;

1

>     (5) Docket fees under section 1923 of this title;
>
>     (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"The prevailing party bears the burden of showing that the requested costs are permitted by § 1920.  Once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of taxing these costs." Fells v. Virginia Dep't of Transp., 605 F. Supp. 2d 740, 742 (E.D. Va. 2009) (internal citations omitted).

Plaintiffs present four objections to Defendant's bill of costs.  First, they contest the taxation of Defendant's pro hac vice fees in the amount of $750.00.  (Pl. Objections 1.)  Neither § 1920, Rule 54(d) of the Federal Rules of Civil Procedure, nor Rule 54 of the Local Rules for the United States District Court for the District of South Carolina expressly authorize the taxation of pro hac vice fees.  Significantly, Local Rule 54.03(A)(2)(a) forecloses the taxation of any "[m]iscellaneous fees" that are not expressly enumerated as taxable under the rule.  Some courts, however, have held that pro hac vice fees are taxable as "fees of the clerk," see, e.g., Craftsman Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009), while other courts have found that pro hac vice fees are not subject to taxation because they are "an expense of counsel, not the client, and [are] thus not properly recoverable under 28 U.S.C. § 1920." Exhibit Icons, LLC v. XP Companies, LLC., No. 07-80824-CIV, 2009 WL 3877667, at *1 (S.D. Fla. Nov. 18, 2009) (unpublished); see also Lofton v. McNeil Consumer & Specialty Pharm., Civil Action No. 3:05-CV-1531-L, 2011 WL 206165, at *1 (N.D. Tex. Jan. 4, 2011) (unpublished) (finding that pro hac vice fees "are an expense that an attorney pays for the privilege of practicing law in a district and should not be taxed to a plaintiff simply because a

defendant chooses to be represented by counsel not admitted to practice in the district"). The court agrees with those jurisdictions concluding that pro hac vice fees are not properly taxable under § 1920. Accordingly, $750.00 in costs shall be deducted from Defendant's bill of costs.

Plaintiffs' second objection challenges the amount of Defendant's copying costs. Defendant claims an expense of $381.60 for 1,908 copies at $0.20 per copy. Plaintiffs note that outside print shops in Spartanburg, South Carolina charge $0.09 per copy and contend that Defendant's in-house copies cannot exceed the cost of an outside print shop. (Pl. Objections 2.) Other courts, however, have found copy fees between $0.10 and $0.25 reasonable. See, e.g., Harkins v. Riverboat Servs., Inc., 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003); Fla. Pawnbrokers & Secondhand Dealers Ass'n v. City of Fort Lauderdale, 711 F. Supp. 1084, 1086 (S.D. Fla. 1989). Accordingly, the court finds that Defendant is entitled to $381.60 in copying costs.

Plaintiffs next object to the amount of deposition costs included in Defendant's bill of costs. Local Rule 54.03H allows the prevailing party to recover deposition costs "of original transcription," and Defendants claim deposition costs in the amount of $2,048.20. Plaintiffs argue that Defendant improperly seeks to recover costs for original transcription plus one copy of each deposition. (Pl. Objections 2.) Because the invoice fails to delineate between the cost of the original and the cost of a copy, Plaintiffs submit the costs should be disallowed in their entirety. (Id.) Defendant, however, clarifies that it is not seeking to recover costs for photocopies of deposition transcripts but rather the cost of obtaining duplicate original transcripts prepared by the court reporter for use in support of its summary judgment briefs. (Def. Resp. Pl. Objections 3.) These costs fall within the scope of Local Rule 54, and therefore, an award of costs in the amount of $2,048.20 is appropriate.

Plaintiffs' final objection is directed at Defendant's claim of $112.38 for Federal Express' shipment of materials to co-counsel. Defendants cite to no statute or federal or local rule that expressly or implicitly authorizes the taxation of such fees. Consequently, the court deducts $112.38 from Defendant's bill of costs.

Based on the foregoing, the court concludes that $862.38 shall be deducted from Defendant's bill of costs in the amount of $5,733.56.

It is therefore

**ORDERED** that Plaintiffs are taxed costs in the amount of $4,871.18.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 17, 2011